# EXHIBIT A

# SETTLEMENT AGREEMENT

# 5.7.2021

DENNIS J. HERRERA, State Bar #139669
City Attorney
MEREDITH B. OSBORN, State Bar #250467
Chief Trial Deputy
KAITLYN MURPHY, State Bar #293309
Deputy City Attorneys
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3867 [Murphy]
Facsimile:     (415) 554-3837
E-Mail:        kaitlyn.murphy@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
VICKI HENNESSY; MATHEW FREEMAN,
PAUL MIYAMOTO; JASON JACKSON, AND
SGT. DOLLY

LAW OFFICES OF YOLANDA HUANG
YOLANDA HUANG, SBN 104543
528 Grand Avenue
Oakland, CA 94610
Telephone: (510) 329-2140
Facsimile: (510) 580-9410
Email: yhuang.law@gmail.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDIDO ZAYAS, RUBEN SOTO, ALFREDO RUIZ, JOSE POOT, MILTON LECLAIRE, NIGEL HENRY, ROBERT DOMINGUEZ, and MATTHEW BRUGMAN on behalf of themselves individually and others similarly situated, as a class and Subclass,<br><br>          Plaintiffs,<br><br>     vs.<br><br>SAN FRANCISCO COUNTY SHERIFF'S DEPARTMENT, CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO SHERIFF VICKI HENNESSEY; UNDER SHERIFF MATHEW FREEAN; CHIEF | Related Case No. 18-cv-06155 JCS<br><br>**FURTHER AMENDED SETTLEMENT AGREEMENT**<br><br><br>Trial Date:          June 7, 2021 |

1 | DEPUTY SHERIFF PAUL MIYAMOTO;
CAPTAIN JASON JACKSON, SARGEANT
2 | DOLLY and John & Jane DOEs, Nos. 1 - 50,

## I.   INTRODUCTION

1.   This Settlement Agreement is agreed to and entered into by and between (1) plaintiffs and class representatives CANDIDO ZAYAS, RUBEN SOTO, ALFREDO RUIZ, JOSE POOT, MILTON LECLAIRE, RALPH DOMINGUEZ, MATTHEW BRUGMAN, and MICHAEL BROWN[1] ("Class Representatives"), individually, and on behalf of all members of the Settlement Class herein defined ("Class Members"); and (2) defendants SAN FRANCISCO COUNTY SHERIFF'S DEPARTMENT, CITY AND COUNTY OF SAN FRANCISCO, FORMER SAN FRANCISCO SHERIFF VICKI HENNESSY; FORMER CHIEF DEPUTY, NOW SHERIFF PAUL MIYAMOTO; FORMER UNDERSHERIFF MATTHEW FREEMAN, CAPTAIN JASON JACKSON, and FORMER SERGEANT DOLLY (collectively, "Defendants," and collectively with Class Representatives, "Parties"), subject to approval of the Court. In summary, this agreement ("Settlement Agreement" or "Settlement") provides for the dismissal of this case with prejudice in exchange for monetary relief to the Class Members and an award of attorneys' fees and costs.

## II.   BACKGROUND

1.   Plaintiffs are current and former inmates in County Jail 4 of the San Francisco Sheriff's Office ("SFSO"), who experienced either direct or indirect exposure to flooding events at County Jail 4 during an approximately 18-month period from January 3, 2017 through September 30, 2018. On October 6, 2018, Class Representatives filed a putative class action complaint against Defendants. Class Representatives alleged that Defendants violated their state and federal constitutional rights through jail policies and procedures and conduct of Sheriff's Office staff that failed to adequately address the plumbing issues at County Jail 4.

2.   Defendants are current and former employees of the SFSO and the City and County of San Francisco.

---

[1] Plaintiff Nigel Henry has been dismissed as he is deceased.

Settlement Agreement
Zayas v. CCSF - Case No. 3:18-cv-06155-JCS
2
c:\users\kamurphy\desktop\johnson\2021-05-06 agreement final.docx

3.   The purpose of this Settlement Agreement is to settle the above-captioned case. The Parties believe this Settlement Agreement is fair, reasonable, and adequate to protect the interests of all Parties. The Parties wish to effectuate a complete resolution and settlement of all claims, disputes, and controversies relating to Plaintiffs' allegations by settling this lawsuit.

4.   Plaintiffs in the related matters of *Johnson, et al. v. City and County of San Francisco et al.* (No. 3:18-cv-04890-JCS) and *Dionn Taylor v. San Francisco County Jail, et al.* (No. 18-cv-04857) filed lawsuits challenging the same conditions of confinement at County Jail 4 during the same time period. These lawsuits were not pleaded as class actions. However, the parties in the *Johnson*, *Taylor*, and *Zayas* actions participated in joint settlement conferences and seek to resolve the claims in all three cases collectively. Plaintiffs in the *Johnson* and *Taylor* lawsuits have filed a stipulation with the Court to dismiss without prejudice their claims with the understanding that the individual Plaintiffs in these dismissed actions who meet the definition of Class Members as defined in this Settlement Agreement will become members of the *Zayas* class settlement. This Settlement Agreement is contingent on the resolution of all three related cases.

5.   The Parties stipulate that this Agreement complies in all respects with the provisions of 18 U.S.C. Section 3626.

6.   The Court has not yet certified this case as a class action. The class is defined as: All inmates who were housed in San Francisco County Jail 4, located at 850 Bryant Street, who were housed in Housing Blocks A, B, or C, in a cell that was impacted by the sewage overflows which took place between January 3, 2017 and September 30, 2018. The Parties also stipulate to three subclasses.

      a.   Sub-Class A members are defined as those Class Members who suffered direct sewage spills in their cell while housed in either Cell Block A, B or C at 850 Bryant Street, County Jail 4, during the operative period, **and** who filed a grievance.

      b.   Sub-Class B members are defined as those Class Members who suffered direct sewage spills in their cell while housed in either Cell Block A, B or C at 850 Bryant Street, County Jail 4, during the operative period, **and** who <u>did not </u>file a grievance.

c. Sub-Class C members are defined as those Class Members who suffered indirect sewage spills, meaning sewage spills at the jail which caused their cell to lose water or plumbing functions, while housed in either Cell Blocks A, B, or C, at 850 Bryant Street, County Jail 4, during the operative period.

d. An inmate may be a member of more than one Sub-Class if they experienced multiple flooding events.

7.   Defendants deny every allegation in each of the Complaints filed in the *Johnson*, *Taylor*, and *Zayas* actions. This Settlement Agreement does not constitute, and shall not be construed, as an admission of, or evidence of, any act of deliberate indifference to any inmate's constitutional rights, violation of the U.S. Constitution, or any other wrongdoing or liability by any party. Defendants expressly deny any liability. The Parties agree that nothing in this Settlement Agreement shall be used against any Defendant in any other litigation that has been or may be filed against any Defendant.

8.   Plaintiffs' consent to this Settlement is not an admission or agreement that any and all of the actions by Defendants specified herein meet the constitutional standard, or constitutes sufficient mitigation of actions which may be deliberate indifference to any inmate's constitutional rights, violation of the U.S. Constitution, or any other wrongdoing or liability by any defendant party. Plaintiffs acknowledge and agree that this Settlement bars future litigation alleging that the actions of any defendant, or their employees or agents, violated the rights of plaintiffs regarding their claims that defendants were deliberately indifferent to the effects of the flooding events at County Jail 4 during the period from January 3, 2017 to September 30, 2018.

9.   The Parties will jointly file this Settlement Agreement with the Court, and ask that the Court issue an order directing notice to the class, setting an objection period, and a fairness hearing ("Preliminary Approval") and approve the Settlement as final after the fairness hearing ("Final Approval"). Final Approval and the issuance of the final order and judgment of dismissal by the Court are conditions precedent to the Settlement Agreement's effectiveness, except as to the specific steps that the Parties herein agree to perform after Preliminary Approval.

Settlement Agreement
Zayas v. CCSF - Case No. 3:18-cv-06155-JCS
4
c:\users\kamurphy\desktop\johnson\2021-05-06 agreement final.docx

III.    DEFINITIONS

10. "Class Counsel" shall be defined as the Law Office of Yolanda Huang, Stanley Goff, and Law Office of Fulvio Cajina.  Law Office of Yolanda Huang shall be lead counsel, and be authorized to act on behalf of the plaintiff class for all matters pertaining to the motions for approval of preliminary settlement and final approval, and administration of the settlement.

11.  "Class Representatives" shall be defined as Candido Zayas, Ruben Soto, Alfredo Ruiz, Jose Poot, Milton LeClaire, Ralph Dominguez, Matthew Brugman, and Michael Brown.

12. "Class Member" is defined as: Any inmate who was housed in San Francisco County Jail 4, located at 850 Bryant Street, who was housed Housing Blocks A, B, or C, in a cell that was impacted by the sewage overflows which took place between January 3, 2017 and September 30, 2018.  Within this are three definitional sub-classes.

   a.  The Sub-Class "A":  Direct Sewage Impact and Filed Grievances.  These are the inmates who were housed in a cell in which sewage intruded into the cell while they were so housed, either from the toilet in that cell or from an adjacent cell and had also filed a grievance about this situation.

   b.  The Sub-Class "B":  Direct Sewage Impact and Did Not File Grievances.  These are those inmates who were housed in a cell in which sewage intruded into the cell while they were so housed, either from the toilet in that cell or from an adjacent cell and had not filed a grievance.

   c.  The Sub-Class "C": Indirect Sewage Impact. These are those inmates who were housed in a cell in which an adjacent cell had a sewage overflow, but this sewage did not flow into said inmate's cell.  These inmates suffered an indirect impact because all water in the housing unit was shut off and these inmates had no access to drinking water nor use of the toilet until the overflowed toilet was repaired by Defendants.

   d.  An individual can be a member of Sub-Class A and Sub-Class C, or a member of Sub-Class B and Sub-Class C.

e.   Any funds not apportioned through the provisions set forth in this paragraph shall be held in a reserve fund for class members who do not learn of the Settlement Agreement until after the initial round of payments has been made.

13.  "Notice" means the written notice of the preliminary approval of the Settlement Agreement, which shall include the general terms of the Settlement Agreement and the date of the Final Approval hearing. The Notice shall conform to all applicable requirements of the Federal Rules of Civil Procedure, due process, any other applicable law, and shall otherwise be in the manner and form approved by the Court.

14. "Class Settlement Fund" or "Settlement Amount" means the sum to be paid by the Defendants, totaling $2,100,000.

15. "Court" shall be defined as the United States District Court to which this case is assigned.

16. "Day(s)" shall be defined as calendar days unless otherwise specified.

17.  "Defendants' Counsel" or "Defense Counsel" refers to Dennis Herrera, the San Francisco City Attorney, or any deputy San Francisco City Attorney assigned to this matter, including but not limited to Kaitlyn Murphy.

18. "Effective Date" shall be the date when the Judgment becomes final after Final Approval of the Settlement Agreement by the Court.

19. "Facility" or "Jail" shall be defined as County Jail 4 located at 450 Bryant Street, San Francisco.

20.  "Fairness Hearing" is the hearing on the fairness of this Settlement Agreement. The date of the Fairness Hearing will be set by the Court.

21. "Final Approval" means the date on which the Court enters the Judgment.

22. "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court.

23. "*Johnson* Plaintiffs' Counsels" means Stanley Goff and The Law Office of Fulvio Cajina.

24. "Net Settlement Fund" means the Class Settlement Fund after deduction for attorneys' fees and costs including the cost of claims administration and restitution.

25. "Plaintiff Dionn Taylor's Counsel" refers to Yolanda Huang.

26.  "Preliminary Approval Order" shall be defined as an order entered by the Court preliminarily approving the settlement, after which Class Notice and a Final Approval Hearing are to occur at the Court's discretion.

27. "Remainder Amount" is defined as any funds remaining in the Class Settlement Fund, 270 days (nine months) after the first-round of checks are distributed, either through uncashed checks or returned checks, or individuals who cannot be located.

28. "Restitution" is defined as that sum which the City and County of San Francisco is required to pay as defined under Penal Code Section 2085.8(a).

## IV.   PRELIMINARY AND FINAL APPROVAL OF CLASS ACTION SETTLEMENT
### A.   District Court Approval

29. The Settlement Agreement shall be subject to Court approval. However, nothing in this Settlement Agreement shall be deemed to authorize the Court to change or vary any of its terms.

30. Counsel for the Parties agree that they will take all reasonable steps to ensure that this Agreement is approved by the Court and becomes effective. Specifically, the Parties shall: (1) jointly file the Settlement Agreement with the Court; (2) jointly move for Preliminary Approval of this Agreement and Certification of a Settlement Class; and (3) request entry by the Court on the earliest date acceptable to the Court of the Proposed Order Granting Motion for Preliminary Approval of Settlement Class; Certifying Settlement Class; Directing Issuance of Settlement Notice; and Scheduling of Hearing on Final Approval.

31. This Settlement Agreement is contingent on the District Court accepting the stipulation of the Parties in the *Johnson*, *Taylor*, and *Zayas* actions that the claims in the *Johnson* and *Taylor* actions shall be dismissed without prejudice with the understanding that the individual Plaintiffs in these dismissed actions who meet the definition of Class Members as defined in this Settlement Agreement will become members of the *Zayas* class settlement.

## B.      The Settlement Class

32. The Parties agree and stipulate to certification of the following class for purposes of settlement: All inmates who were housed in San Francisco County Jail 4, located at 850 Bryant Street, who were housed Housing Blocks A, B, or C, in a cell that was impacted by the sewage overflows which took place between January 3, 2017 and September 30, 2018.

33. The Claims Administrator in coordination with Class Counsel is responsible for calculating which inmates are Class Members. Class Members were identified by reviewing the Sheriff's Office housing records for San Francisco County Jail 4, Housing Blocks A, B, or C for the period January 1, 2017 through January 30, 2018 and comparing those to records of the dates, times, and locations of floods in County Jail 4.

34. Any individual may challenge the Claims Administrator's determination as to whether he is a Class Member. Any individual seeking to challenge the determination as to whether or not he is a Class Member may do so by providing written notice to the Claims Administrator via email at SFJailsewageclassaction@gmail.com or via U.S. Mail delivered to PO Box 5475 Berkeley, California, 94705 by thirty (30) days from the mailing date of the Notice, as defined below. The challenge should include his name, date of birth, SF Number, and the dates the individual believes he was housed in a cell at County Jail 4 that was impacted by a sewage flood. The Claims Administrator will then review the San Francisco County Jail's housing records and records identifying the dates, times, and locations of flooding events, as produced by Defendants to Class Counsel, to confirm whether the individual is a Class Member. The Claims Administrator's assessment in response to a written challenge is final and shall be due no later than two weeks after receipt of a written challenge.

35.

## C.      CAFA Notice

36. Defendants have provided Notice of this Settlement Agreement as required by the Class Action Fairness Act ("CAFA"), 28 U.S.C. Section 1715(b) to the U.S. Attorney General, the California Attorney General, and/or any other necessary parties.

**D.      Calculating Class Member Recovery**

37. The parties agree to the settlement of the class claims as follows:

38. SETTLEMENT TOTAL.  Pursuant to Agreement, Defendants will provide a total of $2,100,000 to fully settle all the claims of all three litigations, *Zayas, Johnson, and Taylor*.  In no event, shall Defendants be required to pay more than $2,100,000 for a full and final settlement of the claims of Class Members. Upon the Court Order approving dismissal of the *Taylor* and *Johnson* matter without prejudice, and subject to the Court's final approval of the proposed class action settlement, the sum of $2.1 million shall be the settlement paid to the *Zayas* class action litigation. Any plaintiffs in the *Taylor* or *Johnson* litigations who fit the definition of Class Members, will become members of the *Zayas* class action settlement.

39. The amount a Class Member receives from the Settlement shall be calculated by considering to which Sub-Classes he belongs and the number of days he experienced direct and indirect flooding. For each individual flooding event, a Class Member shall only be a member of one sub-class; but may be a member of different sub-classes across multiple flooding events.

**1.      First-round Distribution**

40. Class Members who do not opt out shall each receive as follows as part of the first-round distribution:

    a.  <u>Sub-Class A</u> members are entitled to $510 compensation per flooding event minus deductions for: attorneys' fees and costs, including costs for administering the settlement.  Fifty percent (50%) of the total attorneys' fees and costs, and the claims administrator costs will be allocated to Sub-Class A. The amount of the attorneys' fees and costs deducted from each Sub-Class A Class Member for each day of sewage impact will be calculated equally across the sub-class.   Class Counsel estimates that each Sub-Class A member would receive approximately **$ 328** for each day of sewage impact prior to individual deductions for restitution.   All payments to Class Members are subject to any restitution owed to the California Office of Victim and Survivor Rights and Services Restitution Services Unit.

Settlement Agreement
Zayas v. CCSF - Case No. 3:18-cv-06155-JCS
9
c:\users\kamurphy\desktop\johnson\2021-05-06 agreement final.docx

i. <u>For example</u>, if the total amount of attorneys' fees and costs approved by the Court were $200 and the records identified five Sub-Class A Class Members who each experienced two days of sewage flooding the calculation for each class member's share of the Settlement Amount would be as follows: each Sub-Class A member would receive $1020 (for two days of flooding at $510 a day) less the attorneys' fees and costs. The attorneys' fees and costs apportioned to Sub-Class A would be $100 (fifty percent of $200). The total attorneys' fees and costs apportioned to Sub-Class A would be divided by the number of inmate flooding days (ten), to produce the amount of deduction for each inmate flooding day-- $10. Since each Sub-Class A member was impacted on two days, their total payment from the Settlement Amount would be $1000.

b. <u>Sub-Class B</u> members will each receive $130 compensation per day of direct sewage impact minus deductions for: fees and costs including costs for administering the settlement.  Fifty percent (50%) of the total attorneys' fees and costs and the claims administrator costs will be allocated to Sub-Class B. The amount of the attorneys' fees and costs deducted from each Sub-Class B Class Member for each day of sewage impact will be calculated equally across the sub-class.  Class Counsel estimates that each Sub-Class B member would receive approximately **$72.60** for each day of sewage impact prior to individual deductions for restitution.  All payments to Class Members are subject to any restitution owed to the California Office of Victim and Survivor Rights and Services Restitution Services Unit.

i. <u>For example</u>, if the total amount of attorneys' fees and costs approved by the Court were $200 and the records identified a total of five Sub-Class B Class Members who each experienced two days of sewage flooding the compensation calculation for each class member would be as follows: each Sub-Class B member would receive $260 (for two days of flooding

Settlement Agreement
Zayas v. CCSF - Case No. 3:18-cv-06155-JCS
10
c:\users\kamurphy\desktop\johnson\2021-05-06 agreement final.docx

at $130 a day) less the attorneys' fees and costs. The attorneys' fees and costs apportioned to Sub-Class B would be $100 (fifty percent of $200). The total attorneys' fees and costs apportioned to Sub-Class B would be divided by the number of inmate flooding days (10), to produce the amount of deduction for each inmate flooding day, $10. Since each inmate was impacted on two days, their total payment would be $240.

c.  Each <u>Sub-Class C</u> member shall be entitled to receive the compensation equal to **$5.15** per each members' incidents of indirect sewage impact. Payments to Sub-Class C members are not subject to deductions for fees and costs, including costs for administering the settlement. All payments to Class Members are subject to any restitution owed to the California Office of Victim and Survivor Rights and Services Restitution Services Unit.

   i.  <u>For example</u>, if the total amount of attorneys' fees and costs approved by the Court were $200 and the records identified five Sub-Class C Class Members who each experienced two days of sewage flooding the compensation calculation for each class member would be as follows: each Sub-Class C member would receive $10.30 (for two days of flooding at $5.15 per day). That amount would not be reduced in any way by the attorneys' fees and costs.

**2.  Restitution**

41. Defendants are bound by Penal Code Section 2085.8(a) to consider whether any class member is subject to restitution obligations. The Parties will work collaboratively to identify what, if any, restitution a Class Member owes before the first-round of distribution.

42. Restitution Demand.  Plaintiffs' counsel, on October 8, 2020, provided the City and County of San Francisco with a list of all putative class members. Within 45 days of the Court's Order Granting the Motion for Preliminary Approval, Defense Counsel shall provide to the Claims Administrator, Restitution Demand, in the form of an excel spread sheet which shall include the names of all

Consolidated Class Members, dates of birth and the amount of restitution (per Penal Code Section 2085.8(a)) each said class members owes, which information shall be provided on an Attorneys Eyes Only basis subject to the protective order in place in this litigation.

43. Calculation of Restitution to be Paid.  Defense Counsel will coordinate with the California Office of Victim and Survivor Rights and Services to obtain from the Office of Victim and Survivor Rights and Services the amount of individual restitution owed by each class members pursuant to California Penal Code Section 2085.8(a).   Defense Counsel shall provide the amount of individual restitution as specified by the Office of Victim and Survivor Rights and Services, in an excel spreadsheet to the Claims Administrator.  The Claims Administrator, based upon the individual restitution sheet provided by Defense Counsel, and the calculation of the payment which each class member is entitled to as his share of the settlement, in the First Distribution, to determine the amount of restitution which should be paid on behalf of each individual class member to the Office of Victim and Survivor Rights and Services.  The Claims Administrator shall provide to each Class Member, as part of the Initial Distribution, their individually calculated Restitution Amount, as well as the total amount of restitution paid on his behalf from this Class Action Settlement, based upon the amount of individual restitution as provided by Defense Counsel.

44. Defendants shall cooperate with the Claims Administrator in the drafting the notice to Class Members if all or any portion of their settlement distribution is directed as a restitution payment to the California Office of Victim and Survivor Rights and Services Restitution Services Unit, which will include the specific amount of the restitution payment made from the settlement on behalf of each Class Member.

**3.      Challenging the Accuracy of a Class Member's Settlement Distribution**

45. The Claims Administrator in coordination with Class Counsel is responsible for calculating the amount of the Class Settlement to be mailed to each Class member. The calculation of the amount due to each Class Member was made by reviewing San Francisco County Jail's housing records for San Francisco County Jail 4, Housing Blocks A, B, or C for the period January 1, 2017 through January 30, 2018; as produced by Defendants to Class Counsel and cross-referencing the housing records against

the San Francisco County Jail's work order records identifying the dates, times, and cell locations of flooding events in County Jail 4, as produced by Defendants to Class Counsel, to identify class members.

46. If a Class Member believes that the Claims Administrator's determination regarding the amount to which said Class Member is entitled in his first-round distribution is incorrect, either because of the number of days he experienced a flooding event is incorrect, or because he was incorrectly designated as a member of the wrong Sub-Class, he can provide written notice to the Claims Administrator via email at SFJailsewageclassaction@gmail.com or via U.S. Mail delivered to PO Box 5475 Berkeley, California, 94705 within thirty (30) days from the mailing date of the Notice. The challenge should include his name, date of birth, SF number, and the dates the individual believes he was housed in a cell at County Jail 4 that was impacted by a sewage flood, and proof of any grievances filed. The Claims Administrator will then review the Records produced by Defendants to Class Counsel as described in paragraph 42 above, to confirm the amount of first-round distribution said individual is entitled to by reviewing said Records to confirm the number of days said individual, experienced a flooding event, and the Sub-Class he belongs in. The Claims Administrator's assessment in response to a written challenge is final and shall be due no later than two weeks after receipt of a written challenge.

### 4.      Second-Round Distribution

47. If, after 270 days (nine months), there are unclaimed funds from the first-round distribution, any Unclaimed Funds will be distributed pro-rata to members of Sub-Class A and Sub-Class B.  No additional attorneys' fees or costs will be deducted from the second-round distribution.

> i.   For example, if there were $10,000 in unclaimed funds from the first-round of distribution, and there were five members of Sub-Class A who each experienced two flooding events and ten members of Sub-Class B who each experienced two flooding events, each member of Sub-Class A and B would receive $333.33 for each day of flooding they experienced ($666.66 for two days).

### 5.     Unclaimed Funds After Second-round Distribution

48. Reversion.    There will be no reversion to the Defendants.

49. Cy Pres.  It is estimated that any cy pres award will be minor and the recipient will be Legal Services for Prisoners With Children, a Bay Area not profit.  Any and all unclaimed funds, 270 days after the mailing of the second round shall be considered funds.

50. Deceased, Divorced, or Bankrupt Claims Members. Nothing in the Class Action agreement shall prevent Class benefits from being provided, upon appropriate proof, to, or for the benefit of, an otherwise eligible Class Member, or that Class Member's estate or legal representative, notwithstanding that Class Member's death, divorce or bankruptcy (whether discharged or ongoing), in accordance with applicable law. If a person is deceased as of the date of the Court's final approval, and the Claims Administrator is notified as of that date through the receipt of a death certificate, the Claims Administrator will notify counsel for defendants, and the amount of restitution owed will be removed from the restitution list and added to the Net Settlement Fund payable.

### E.     Notice to Settlement Class Members

51. All Parties shall jointly request that the Court approve a Notice of Proposed Settlement of Class Action Lawsuit ("Notice") pursuant to a Joint Motion for Preliminary Approval.

52. After the Preliminary Approval Order, the Claims Administrator shall mail the "Notice of Settlement Agreement" to all Class Members within 10 business days, informing them that they have 60 days to opt out or to object to the Settlement Agreement following the procedure set forth in the Notice.  The Notice shall also inform all recipients that they may review online a copy of the Notice.

53. The Notice shall also inform all recipients that they may review online a copy of the Notice. The Notice, and information on opt-out and objections, and restitution shall be available at a dedicated website run by the Claims Administrator in coordination with Class Counsel. The Class Notice shall provide that those Class Members who wish to object to the settlement prior to the Settlement Fairness Hearing must file with the Court and serve on counsel for the parties a written statement objecting to the settlement. Such written statement must be filed with the Court and served on counsel for the parties no later than 15 days prior to the Settlement Fairness Hearing. No Class Members may object

to this Settlement Agreement, unless copies of any written objection or briefs are filed with the Court and served on counsel for the Parties no later than 15 days prior to the Settlement Fairness Hearing. Class Members who fail to file and serve timely objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to this Agreement. Nothing in this Settlement Agreement shall bar any Party from further distribution of the Notice at their own expense.

54. The Notice will provide an email address, a physical mail address, and a toll free telephone number, which will accept calls from jails and prisons, where class members can call with questions or add.

55. The Notice shall include information on the requirements of Penal Code Section 2085.8(a), and the City and County of San Francisco's obligations pursuant to Penal Code Section 2085.8(a). The Notice shall inform all class members that challenges to the restitution deductions cannot be made in this Court, but that class members may challenge these restitution deductions through challenging the amount of the restitution owed with the California Office of Victim and Survivor Rights and Services Restitution Services Unit or challenging the validity of any restitution order with the court that issued the restitution order.

**F.    Requests for Exclusion From the Settlement**

56. Opting Out.  The Notice will provide Class Members with instructions regarding the procedures that must be followed to opt out of the Class pursuant to Fed. R. Civ. P. (23(c)(2)(B)(v). The Parties agree that, to opt out validly from the Class, a Class Member must personally sign (electronic signatures, including Docusign, are invalid and will not be considered personal signatures) and send a written request to opt out stating "I wish to exclude myself from the Class in *In re Zayas et al. v. San Francisco County Sheriff's Department*, et al. No. 3:18-cv-06155," (or substantially similar clear and unambiguous language) to the Claims Administrator on or before the Opt-Out Deadline (postmarked or emailed no later than the Opt-Out Deadline).  The written request must include the Class Member's name, address, date of birth or San Francisco Jail Number.  The Parties retain discretion to determine whether any opt-out request substantially complies with the requirements

above. The Claims Administrator will provide copies of all opt-out requests to Plaintiffs' Counsel and Defendants' Counsel within seven days of the receipt of each such request.

57. <u>Consequences of Failure to Opt Out in a Timely and Proper Manner</u>. All Class Members who do not timely and properly opt out of the Class will in all respects be bound by all terms of this Class Action Agreement and the Final Approval Order upon the Effective Date.

58. <u>Opting Out and Objecting Are Mutually Exclusive Options.</u>  Any Class Member who elects to opt out pursuant to this Section may not also object to the Settlement. Any Class Member who elects to object pursuant to Section 8 herein may not also opt out pursuant to this Section.

**G.      Objections to the Settlement**

59. <u>Manner of Objecting.</u>  The Class Notice will prove instructions regarding the procedures that must be followed to object to the Settlement pursuant to Federal Rule of Civil Procedure Rule 23(e)(5). Provided that a Class Member has not submitted a written request to opt out, the Class Member may present written objections, if any, explaining why he or she believes the Class Action Settlement should not be approved by the Court as fair, reasonable, and adequate. No later than such date as is ordered by the Court, a Class Member who wishes to object to any aspect of the Class Action Settlement must file with the Court, or as the Court otherwise may direct, a written statement of the objection(s). The written statement of objection(s) must include a detailed statement of the Class Member's objection(s), as well as the specific reasons, if any, for each such objection, including any evidence and legal authority the Class Member wishes to bring to the Court's attention. That written statement also will contain the Class Member's printed name, address, telephone number, and either San Francisco Jail number of date of birth and a statement that the Class Member has reviewed the Class definition and has not opted out of the Class, and any other supporting papers, materials, or briefs the Class Member wishes the Court to consider when reviewing the objection.

60. <u>Objecting Through Counsel.</u>  A Class Member may object on his own behalf or through a lawyer hired at that Class Member's own expense, provided the Class Member has not submitted a written request to opt out. The objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class, and also state with specificity the grounds for the objection.

Lawyers asserting objections on behalf of Class Members must: (1) file a notice of appearance with the Court by the date set forth in the Order Approving Notice and Class Certification Order, or as the Court otherwise may direct; (2) file a sworn declaration attesting to his or her representation of each Class Member on whose behalf the objection is being filed or file (in camera) a copy of the contract between that lawyer and each such Class Member; and (3) comply with the procedures described in this Section. Lawyers asserting objections on behalf of Class Members also must file a sworn declaration that specifies the number of times during the prior five-year period they have objected to a class action settlement on their own behalf or on behalf of a class member.

61. <u>Intent to Appear at the Fairness Hearing.</u>  A Class Member (or counsel individually representing him, if any) seeking to make an appearance at the Fairness Hearing must file with the Court, by the date set forth in the Order Approving Notice, a written notice of his or her intent to appear at the Fairness Hearing, in accordance with the requirements set forth in the Order Approving Notice, or by such time and in such manner as the Court may otherwise direct.

62. <u>Consequences of Failure to Object in a Timely and Proper Manner.</u> Unless the Court directs otherwise, any Class Member who fails to comply with the provisions of this Section will waive and forfeit any and all rights he may have to object to the Class Action Settlement and/or to appear and be heard on said objection at the Fairness Hearing. Failure to object waives a Class Member's right to appeal.

63. <u>Waiver of Conditional Settlement.</u> This is not a conditional settlement. Upon preliminary approval by the Court of this Stipulation for Consolidation and Preliminary approval, all parties shall be bound by the terms and conditions of this Stipulation and Settlement.

**H.    Fairness/Final Approval Hearing**

64. The Parties shall jointly request that the Court schedule and conduct a Fairness Hearing to address the fairness of this Settlement Agreement and to decide whether there shall be Final Approval of the settlement embodied in this Settlement Agreement. At the Fairness Hearing, the Parties shall jointly move for and recommend certification of the Class and Final Approval of this Settlement

Agreement. The Fairness Hearing shall take place at a date allowing for such period of Notice to the Class as the Court may direct, in accordance with 28 U.S.C. Section 1715.

65. Upon Final Approval, the City shall mail a check in the amount that equals the Settlement Amount of $2.1 million minus the total restitution amount as calculated by the Claims Administrator in paragraph 42 herein, payable to "Yolanda Huang, Attorney Client Sewage Class Trust Account," a trust account specifically set up for this class action litigation. Said funds shall be distributed as specified in the Court's Final Approval Order.

66. Upon Final Approval of the Settlement Agreement, the Court shall dismiss the lawsuit with prejudice.

**I.      Duties Of the Claims Administrator**

67. The parties are committed to achieving the highest claims rate practicable in connection with this Class Action Settlement. To that end, the Parties agree to work with a Claims Administrator.

68. The Claims Administrator shall be responsible for, without limitation:

    a.   Identifying, in coordination with Class Counsel, the Class Members, how many sewage events each Class Member experienced, and for each sewage event, to which sub-class the Class Member belongs;

    b.   Locating address information for Class Members;

    c.   Printing, mailing by First-Class U.S. Mail, postage paid, or arranging for the mailing of, and/or emailing of, the Notice;

    d.   Handling returned notice-related mail not delivered to Class-Members and attempting to obtain further address information for these Class Members;

    e.   Responding to requests for information or questions from Class Members including written objections challenging whether an individual is a Class Member or whether the Settlement Amount allocated to a Class Member is correct;

    f.   Responding to requests from Class Counsel or Defendants' Counsel;

g.  Assisting in the creation of Notice-related content for the Settlement Website to which Class Members may refer for information about the Action and the Class Action Settlement;

h.  Otherwise implementing and/or assisting with the dissemination of the Notice of the Class Action Settlement;

i.  Taking active steps to seek class members' current addresses and getting settlement checks to class members, including advertisement, social media outreach, private investigators, United States Postal Service address forwarding as well as other available avenues;

j.  Consulting on the Settlement Website during the Settlement Benefit Period;

k.  Calculating the amounts of the second-round distributions 270 days (nine months) after the first-round distributions;

l.  Not later than ten (10) days before the Fairness Hearing, the Notice Administrator shall file with the Court a list of those persons who have opted out or excluded themselves from the Settlement. The Notice Administrator shall file with the Court the details outlining the scope, method and results of the Class Notice program.

m.  The Claims Administrator and the Parties shall promptly after receipt, provide copies of any requests for exclusion, objections and/or related correspondence to each other.

n.  After the Order of Final Approval, processing and issuing the Class Members Payments in accordance with the Final Order, with Notice of the Amount of Restitution deducted. When final settlement checks are mailed to individual class members, the Claims Administrator shall enclose a "Notice of Restitution Deducted", with a specified amount of the deduction; and

o.  For Class Members who will not receive a check due to the restitution deduction, the Claims Administrator shall send each of these Class Members a "Notice of Restitution".

p.   Prior the Second Distribution, the Claims Administrator shall provide Class Counsel with a summary invoice of administration costs and expenses, and any amounts from Claims Administrator fees that will be included in the Second Distribution.

q.   A more detailed outline of the Claims Administrator responsibilities is included in the Claims Administrator's declaration filed with the Motion for Preliminary Approval of this Settlement Agreement and for Class Certification.

## V.   ATTORNEYS' FEES AND EXPENSES

69. Attorneys' fees and expenses shall be addressed as follows: Counsel Yolanda Huang shall be lead counsel for the Class Action and be authorized to act on behalf of the consolidated case for all matters pertaining to the motions for approval of preliminary settlement and final approval, and administration of the settlement. Class Counsel request $660,000 in attorney's fees with 50% of the attorneys' fees going to the Law Office of Yolanda Huang and 50% of the attorneys' fees jointly going to attorneys Stanley Goff and Fulvio Cajina.  The parties also request the Court approve an award of litigation costs of $35,000 to the Law Office of Yolanda Huang. In the aggregate, Class Counsel request $695,000 in fees and costs.

70. Class Counsel shall be responsible for submitting the necessary or appropriate pleadings and documentation for their portion of the attorneys' fees and costs.

71. Defendants agree not to object to Plaintiffs' petition for fees and expenses, including claims administration expenses, up to that amount specified above.  The parties acknowledge that Court approval of the fees and expenses is required. Neither Party shall seek to recover attorneys' fees or expenses incurred after Final Approval of the Settlement Agreement.

72. The Parties agree that these fees were independently negotiated and that in order to effectuate this Settlement, the fees were substantially discounted below the amounts that Plaintiffs would have sought in an attorneys' fees motion filing by Plaintiffs as the prevailing parties.

73. Claims Administration costs shall not exceed $145,000.  If the Claims Administrator's time and costs does not exceed $145,000, all unexpended balance (credit) shall be included with Unclaimed Funds and distributed as part of the second-round distribution.

## VI.   GENERAL CONTRACT PROVISIONS

### A.   Enforcement

74. The Parties consent to the reservation and exercise of jurisdiction by the District Court over all disputes between and among the parties arising out of this Settlement Agreement for a period of 12 months after the Court's final approval of the Settlement Agreement.  The Parties agree this Settlement Agreement shall not be construed as a consent decree.

75. The Court shall be the sole forum for the enforcement of this Settlement Agreement for a period of 12 months following Final Approval of the Settlement Agreement by the District Court.

76. The Settlement Agreement may be enforced only by the parties hereto. Nothing contained in this Settlement Agreement is intended or shall be construed to evidence an intention to confer any rights or remedies upon any other person than the Parties hereto.

### B.   Amendments

77. By mutual agreement, the parties may change the terms of this Settlement Agreement, including, but not limited to, the timetable for taking specific actions, provided that such mutual agreement is memorialized in writing, signed by the parties and approved by the Court.

### C.   Defendants' Independent Obligations

78. The Parties agree that each Defendant shall not be liable for, and no enforcement action pursuant to this Settlement Agreement or otherwise, shall lie against each respective Defendant for an alleged failure by another Defendant to comply with this Settlement Agreement. The failure of any respective Defendant to perform its obligations under this Settlement Agreement shall not impact the full force and binding effect of this Settlement Agreement as it relates to any Party. No Party will be held liable for any aspect of the performance, or lack of performance, by any other Party of the other Party's obligations under this Agreement.

### D.   Waiver of Claims and Release

79. FOR GOOD AND VALUABLE CONSIDERATION, in the amount of $2,100,000 (two million on hundred thousand and 00/100 Dollars) (the "SETTLEMENT AMOUNT"), the sufficiency of which is hereby admitted and acknowledged, plaintiffs and class members, individually and on behalf of their heirs, domestic partners, executors, administrators, and assigns, if any (hereinafter

Settlement Agreement
Zayas v. CCSF - Case No. 3:18-cv-06155-JCS
21
c:\users\kamurphy\desktop\johnson\2021-05-06 agreement final.docx

referred to individually and collectively as "RELEASORS"), hereby agree to fully and forever release and discharge the City and County of San Francisco, together with its elective and/or appointive boards, agents, servants, employees, consultants, departments, commissioners, and officers (hereinafter referred to individually and collectively as "SAN FRANCISCO"), from any and all claims, actions, causes of action, liabilities, damages, demands, attorneys' fees, expenses and costs (including without limitation court costs) of any kind or nature whatsoever, whether known or unknown, suspected or unsuspected, which have existed or may have existed, or which do exist, or which hereafter shall or may exist, and which (1) are alleged or set forth or attempted to be set forth in the pleadings on file in that certain consolidated actions entitled "*Johnson et al. vs. City and County of San Francisco, et al.*" being Action No. 18-cv-04890 JCS, "*Zayas et al. vs. City and County of San Francisco, et al.*" being Action No. 18-cv-6155 JCS, and "*Taylor v. City and County of San Francisco, et al.*," U.S.D.C. Case No. 18-cv-4857 JSC on the records of the United States District Court for the Northern District of California (hereinafter referred to collectively as the "ACTION"), or (2) arise out of or are in any way related to any of the transactions, occurrences, acts or omissions set forth or alleged in any of the pleadings in the Action (hereinafter referred to collectively as the "CLAIMS").

80. RELEASORS represent and warrant that they have not assigned or transferred, or agreed to assign or transfer, or attempted to assign or transfer, to any third party or entity (including without limitation any insurer) any interest in any of the CLAIMS.  RELEASORS agree to defend, indemnify and hold harmless SAN FRANCISCO against any loss, expense or liability, including without limitation reasonable attorneys' fees, arising from any breach of the foregoing.  Furthermore, in the event that SAN FRANCISCO learns that RELEASORS have breached this warranty, SAN FRANCISCO may, at its sole option, elect to rescind this Full and Final Release, in which case RELEASORS shall immediately remit to SAN FRANCISCO the SETTLEMENT AMOUNT, plus interest accruing thereon at a rate of ten percent per year, compounded monthly, from the date of payment thereof.

81. RELEASORS represent and warrant that either (a) there are no liens, including without limitation any medical reimbursement, unemployment or disability compensation liens, but excluding

Settlement Agreement
Zayas v. CCSF - Case No. 3:18-cv-06155-JCS
22
c:\users\kamurphy\desktop\johnson\2021-05-06 agreement final.docx

restitution requirements, in existence which may attach to the SETTLEMENT AMOUNT or to any recovery paid to RELEASORS pursuant to the ACTION, or (b) to the extent there are any such liens, RELEASORS will pay and retire all such liens out of the SETTLEMENT AMOUNT.  RELEASORS agree to defend, indemnify and hold harmless SAN FRANCISCO against any and all claims by any person or entity purporting to hold any lien, interest, or other claim, whether for medical care, unemployment and/or disability compensation, attorneys' fees, or otherwise, involving RELEASORS and arising in connection with any of the CLAIMS.

82. In reaching a settlement of the CLAIMS resulting in the execution of this RELEASE, RELEASORS and SAN FRANCISCO have considered and sought to protect the interests of the Centers for Medicare and Medicaid Services ("CMS"), the federal agency that runs Medicare. RELEASORS agree that the medical care received for any physical injury claimed by the plaintiffs in this case was provided by the City and County of San Francisco's Jail Medical System at the City's cost and thus is not subject to medicare reimbursement procedures.  RELEASORS and RELEASORS' counsel agree to defend, indemnify and hold harmless SAN FRANCISCO against any and all claims arising out of or related to the terms of this paragraph, including without limitation, any claims by CMS.  RELEASORS and COUNSEL FOR RELEASORS further agree to indemnify and forever hold harmless SAN FRANCISCO and its attorneys from any loss, liability, or claim of any kind, past or present, or claims for future care, arising out of the ACTION and occasioned by any lien, rights or obligations of any character whatsoever, including but not limited to those created by Federal or State statutes, for liens arising under Medicare.

83. RELEASORS certify that they have read Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

84. The parties agree that upon final approval of the Settlement Agreement by the Court, RELEASORS hereby waive application of Section 1542 of the Civil Code.  RELEASORS understand and acknowledge that, as a consequence of this waiver of Section 1542, even if Class Members should eventually suffer additional or further loss, damages or injury arising out of or in any way related to any of the events which gave rise to the claims at issue in this litigation, or any of them, Class Members will not be permitted to make any further claims against Defendants to recover for such loss, damages or injury.  RELEASORS acknowledge that they intend these consequences even as to claims for personal injury or property damage that may exist as of the date of the Settlement Agreement but which Class Representatives do not know exist, and which, if known, would materially affect Class Representatives' decision to execute the Settlement Agreement, regardless of whether Class Representatives' lack of knowledge is the result of ignorance, oversight, error, negligence, or any other cause.

85. RELEASORS acknowledge that, in executing the Settlement Agreement, they are acting on their own, independent judgment informed by their legal counsel.  RELEASORS acknowledge having read the Settlement Agreement and have had the opportunity to be advised by Class Counsel as to its meaning and effect.  RELEASORS acknowledge and warrant that their execution of the Settlement Agreement is free and voluntary.  RELEASORS further represent and warrant that, at the time they executed the Settlement Agreement, they were not in the period of first physical confinement, whether as an inpatient or outpatient, in a clinic or health facility (as defined in Sections 1203 and 1250 of the Health and Safety Code) as a result of the injury alleged to have given rise to any of the claims at issue in this litigation, and that as a result Business and Professions Code section 6152(b) cannot be used to invalidate the Settlement Agreement.

86. Subject to Court approval, it is the intent of the Parties that all Class Members be bound to the terms of the Settlement Agreement.

87. Upon Final Approval of this Settlement Agreement by the Court, the Parties agree that for a period of 12 months the Court retains jurisdiction over this Settlement Agreement.

**E.     Miscellaneous Provisions**

88. The Parties acknowledge that the Settlement Agreement contains and constitutes the entire agreement between the Settlement Class and Defendants with respect to the issues in this litigation. The terms of the Settlement Agreement are contractual and not a mere recital.  Class Representatives acknowledge that Defendants have made no representations, express or implied, to induce the Class Members to enter into the Settlement Agreement, other than as expressly set forth herein. Each Party represents, warranties and covenants that it has full legal authority to enter into this Agreement as to form. Defendants will require additional review from the Board of Supervisors to approve in all other respects. Defendants shall be the last signatories to this agreement.

89. The Parties understand and acknowledge that all Parties shall bear their own legal expenses and costs incurred in connection with prosecuting or defending this litigation except as otherwise stated in the Settlement Agreement.

90. This Settlement Agreement has been fully negotiated with the assistance of counsel and should not be construed more strictly against one party than another.

91. Class Representatives represent and warrant that either (a) there are no liens, including without limitation any medical reimbursement, unemployment or disability compensation liens, but excluding restitution requirements, in existence which may attach to the settlement amount or to any recovery paid to Class Representatives pursuant to the action, or (b) to the extent there are any such liens, Class Representatives will pay and retire all such liens out of the settlement amount.  Class Representatives agree to defend, indemnify and hold harmless Defendants against any and all claims by any person or entity purporting to hold any lien, interest, or other claim, whether for medical care, unemployment and/or disability compensation, attorneys' fees, or otherwise, involving Class Representatives and arising in connection with any of the claims.

92. In reaching a settlement of the claims at issue in this litigation resulting in the execution of this Settlement Agreement, Class Representatives and Defendants have considered and sought to protect the interests of the Centers for Medicare and Medicaid Services ("CMS"), the federal agency that runs Medicare. Class Representatives agree that the medical care received for any physical injury claimed by the plaintiffs in this case was provided by the City and County of San Francisco's Jail Medical System at the City's cost and thus is not subject to Medicare reimbursement procedures. Class Representatives and Class counsel agree to defend, indemnify and hold harmless Defendants against any and all claims arising out of or related to the terms of this paragraph, including without limitation, any claims by CMS. Class Representatives and Class Counsel further agree to indemnify and forever hold harmless Defendants and its attorneys from any loss, liability, or claim of any kind, past or present, or claims for future care, arising out of the litigation and occasioned by any lien, rights or obligations of any character whatsoever, including but not limited to those created by Federal or State statutes, for liens arising under Medicare.

93. This Settlement Agreement may be executed in multiple counterparts, all of which counterparts shall be deemed originals. If any of the provisions of this Settlement Agreement or the application thereof is held to be invalid, its invalidity shall not affect any other provision or application of this Settlement Agreement to the extent that such other provision or application can be given effect without the invalid provision or application, and to this end, the provisions of this Settlement Agreement are declared and understood to be severable; provided, however, that should a court of competent jurisdiction hold that RELEASORS are entitled to sue SAN FRANCISCO upon any of the claims, and should RELEASORS bring or join in such a suit, then RELEASORS shall immediately remit to SAN FRANCISCO the SETTLEMENT AMOUNT, plus interest thereon accruing at a rate of ten percent per year, compounded monthly, from the date of payment thereof.

94. Class Members including Class Representatives represent and warrant that they have not assigned or transferred, or agreed to assign or transfer, or attempted to assign or transfer, to any third party or entity (including without limitation any insurer) any interest in any of the claims at issue in this litigation.  Class members including Class Representatives agree to defend, indemnify and hold

harmless Defendants against any loss, expense or liability, including without limitation reasonable attorneys' fees, arising from any breach of the foregoing.

95. This is an integrated agreement and may not be altered or modified, except by a writing signed by all representatives of all parties at the time of modification.

96. This Agreement shall be binding on all successors, assignees, employees, agents, and all others working for or on behalf of Defendants and Class Members.

97. This Agreement may be executed in counterparts.

Approved as to Form:

DATED: _____

_____

**FULVIO CAJINA**

Attorney for Plaintiffs and Class Counsel

Approved as to Form:

DATED: _____

_____

**STANLEY GOFF**

Attorney for Plaintiffs and Class Counsel

DATED:  5/6/21

_____

Sheriff Paul Miyamoto

Defendant

DATED: _____

_____

Captain Jason Jackson

Defendant

Approved as to Form:

DATED: _____

_____

**KAITLYN MURPHY**

Attorney for Defendants

ZAYAS PLAINTIFFS

Dated: _____

_____
Michael Brown, individually and on behalf of the
class

Dated: _____

_____
Ralph Dominguez a.k.a Roger Dominguez,
individually and on behalf of the class

Dated: _____

_____
Nigel Henry, individually and on behalf of the
class

Dated: _____

_____
Milton LeClaire, individually and on behalf of the
class

Dated: _____

_____
Jose Poot, individually and on behalf of the class

Dated: _____

_____
Alfredo Ruiz, individually and on behalf of the
class

Dated: _____

_____
Ruben Soto, individually and on behalf of the class

Dated: 7-27-2020

_____
Candido Zayas, individually and on behalf of the
class

| | |
|---|---|
| Dated: _____, 2020 | _____<br>Michael Brown, individually and on behalf of the class |
| Dated: _____, 2020 | _____<br>Matthew Brugman, individually and on behalf of the class |
| Dated: _____, 2020 | _____<br>Ralph Dominguez a.k.a Roger Dominguez, individually and on behalf of the class |
| Dated: _____, 2020 | _____<br>Milton LeClaire, individually and on behalf of the class |
| Dated: _____, 2020 | _____<br>Jose Poot, individually and on behalf of the class |
| Dated: 09/12/20 _____, 2020 | _____<br>Alfredo Ruiz, individually and on behalf of the class |
| Dated: _____, 2020 | _____<br>Ruben Soto, individually and on behalf of the class |
| Dated: _____, 2020 | _____<br>Candido Zayas, individually and on behalf of the class |

Dated: _____     _____
                               Michael Brown, individually and on behalf of the
                               class

Dated: _____     _____
                               Ralph Dominguez a.k.a Roger Dominguez,
                               individually and on behalf of the class

Dated: _____     _____
                               Nigel Henry, individually and on behalf of the
                               class

Dated: _____     _____
                               Milton LeClaire, individually and on behalf of the
                               class

Dated: _____     _____
                               Jose Poot, individually and on behalf of the class

Dated: _____     _____
                               Alfredo Ruiz, individually and on behalf of the
                               class

Dated: ___9-15-20___            _____
                               Ruben Soto, individually and on behalf of the class

Dated: _____     _____
                               Candido Zayas, individually and on behalf of the
                               class

ZAYAS PLAINTIFFS

Dated: _____     _____
                                   Michael Brown, individually and on behalf of the
                                   class

Dated: _____     _____
                                   Ralph Dominguez a.k.a Roger Dominguez,
                                   individually and on behalf of the class


Dated: _____     _____
                                   Nigel Henry, individually and on behalf of the
                                   class

Dated: _____     _____
                                   Milton LeClaire, individually and on behalf of the
                                   class

Dated: 5/14/20                     *José Poot*
                                   _____
                                   Jose Poot, individually and on behalf of the class

Dated: _____     _____
                                   Alfredo Ruiz, individually and on behalf of the
                                   class

Dated: _____     _____
                                   Ruben Soto, individually and on behalf of the class

Dated: _____     _____
                                   Candido Zayas, individually and on behalf of the
                                   class

ZAYAS PLAINTIFFS

Dated: _____          _____
                                        Michael Brown, individually and on behalf of the
                                        class

Dated: _____          _____
                                        Ralph Dominguez a.k.a Roger Dominguez,
                                        individually and on behalf of the class

Dated: _____          _____
                                        Nigel Henry, individually and on behalf of the
                                        class

Dated: __4/29/2020_____          _____
                                        Milton LeClaire, individually and on behalf of the
                                        class

Dated: _____          _____
                                        Jose Poot, individually and on behalf of the class

Dated: _____          _____
                                        Alfredo Ruiz, individually and on behalf of the
                                        class

Dated: _____          _____
                                        Ruben Soto, individually and on behalf of the class

Dated: _____          _____
                                        Candido Zayas, individually and on behalf of the
                                        class

ZAYAS PLAINTIFFS

Dated: _____    _____
                                 Michael Brown, individually and on behalf of the
                                 class

Dated: 5/14/20                   *Roger Dominguez*
                                 _____
                                 Ralph Dominguez a.k.a Roger Dominguez,
                                 individually and on behalf of the class


Dated: _____    _____
                                 Nigel Henry, individually and on behalf of the
                                 class

Dated: _____    _____
                                 Milton LeClaire, individually and on behalf of the
                                 class

Dated: _____    _____
                                 Jose Poot, individually and on behalf of the class

Dated: _____    _____
                                 Alfredo Ruiz, individually and on behalf of the
                                 class

Dated: _____    _____
                                 Ruben Soto, individually and on behalf of the class

Dated: _____    _____
                                 Candido Zayas, individually and on behalf of the
                                 class

Dated:   8-16-20

Matthew Brugman, individually and on behalf
of the class

Dated: 07/26/20          *Michael Brown*

_____          _____
                                 Michael Brown, individually and on behalf of the
                                 class

Dated: _____          _____
                                 Ralph Dominguez a.k.a Roger Dominguez,
                                 individually and on behalf of the class

Dated: _____          _____
                                 Nigel Henry, individually and on behalf of the
                                 class

Dated: _____          _____
                                 Milton LeClaire, individually and on behalf of the
                                 class

Dated: _____          _____
                                 Jose Poot, individually and on behalf of the class

Dated: _____          _____
                                 Alfredo Ruiz, individually and on behalf of the
                                 class

Dated: _____          _____
                                 Ruben Soto, individually and on behalf of the class

Dated: _____          _____
                                 Candido Zayas, individually and on behalf of the
                                 class

1   DATED: 12/08/20 _____                    _____

2                                                        FULVIO CAJINA

3                                                        Attorney for Plaintiffs and Class Counsel

4

5   DATED: 12/08/20 _____                    _____

6                                                        STANLEY GOFF

7                                                        Attorney for Plaintiffs and Class Counsel

8

9

10  DATED: _____                             _____

11                                                       KAITLYN MURPHY

12                                                       Attorney for Defendants

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  DATED: 12/08/20 _____  _____

2                                    FULVIO CAJINA

3                                    Attorney for Plaintiffs and Class Counsel

4

5  DATED: 12/08/20 _____  _____

6                                    STANLEY GOFF

7                                    Attorney for Plaintiffs and Class Counsel

8

9

10 DATED: _____  _____

11                                   KAITLYN MURPHY

12                                   Attorney for Defendants

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  DATED: _____

2                                              _____
                                               CANDIDO ZAYAS, Plaintiff
3  DATED: _____

4                                              _____
                                               RUBEN SOTO, Plaintiff
5  DATED: _____

6                                              _____
                                               ALFREDO RUIZ, Plaintiff
7  DATED: _____

8                                              _____
                                               JOSE POOT, Plaintiff
9  DATED: _____

10                                             _____
                                               MILTON LECLAIRE, Plaintiff
11 DATED: _____

12                                             _____
                                               RALPH DOMINGUEZ, Plaintiff
13 DATED: _____

14                                             _____
                                               MATTHEW BRUGMAN, Plaintiff
15 DATED: _____

16                                             _____
                                               MICHAEL BROWN, Plaintiff
17 DATED: _____

18                                             _____
                                               PAUL MIYAMOTO, Defendant

19

20

21 Approved as to Form:

22 DATED: 12/08/2020                           _____

23                                                   YOLANDA HUANG

24                                             Attorney for Plaintiffs and Class Counsel

25

26

27

28
   Settlement Agreement                        25          /users/kuzu/dropbox/1 sf county jail sewage/pleadings-
   Zayas v. CCSF - Case No. 3:18-cv-06155-JCS              sewage/settlement/2020-12-07 settlement agreement yh final.docx

Approved as to Form:

DATED: _____        _____

                                    FULVIO CAJINA

                                    Attorney for Plaintiffs and Class Counsel


Approved as to Form:

DATED: _____        _____

                                    STANLEY GOFF

                                    Attorney for Plaintiffs and Class Counsel



DATED: _____        _____

                                    Sheriff Paul Miyamoto

                                    Defendant

DATED: _____        _____

                                    Captain Jason Jackson

                                    Defendant

Approved as to Form:

DATED: ___May 7, 2021_____      _____

                                    KAITLYN MURPHY

                                    Attorney for Defendants