UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDIDO ZAYAS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SAN FRANCISCO SHERIFF'S DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 18-cv-06155-JCS<br><br>Related Case Nos. 18-cv-04857-JCS ("*Taylor*") and 18-cv-04890-JCS ("*Johnson*")<br><br>**ORDER FOR ADDITIONAL AND/OR REVISED MATERIALS IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

Following the April 23, 2021 hearing on the joint motion for preliminary approval of the class action settlement in this case, dkt. no. 92, the parties have submitted additional materials, including a revised motion, amended settlement agreement and revised class notice. *See* dkt. no. 98 ("Fourth Motion for Preliminary Approval"). Many of the defects that the Court identified at the April 23, 2021 hearing have been cured, but a number of problems remain that prevent the Court from granting preliminary approval. Those problems are as follows:

- **Administrative costs:** At the hearing, the Court pointed out that the claims administrator estimated the cost of administering the settlement to be $130,000, dkt. no. 92-4, whereas the settlement agreement provided that claims administration costs would not exceed $100,000. The parties have now amended the settlement agreement to increase the amount of claims administration to $145,000. The motion states that Exhibit D contains a revised estimate by the claims administrator reflecting this amount but that exhibit does not, in fact, contain a cost estimate. *See* Fourth Motion for Preliminary Approval at 27 (citing Ex. D). Rather, the only evidence in the record as to the cost of claims administration is the previous

estimate in dkt. No. 92-4, which states that the claims administrator has agreed to provide its claims administration services for $130,000.  **The parties are requested to supply an updated declaration or proposal reflecting the new claims administration cost contained in the motion and the amended settlement agreement**. The Court further notes that even though the settlement agreement provides that Sub-Classes A and B are to split the costs of claims administration (as well as attorneys' fees and other costs), the estimates provided for the amount per incident each such class member will receive, adjusted to reflect the attorneys' fees and costs (including the claims administration costs) that will be deducted if approved, has not been amended in the most recent version of the settlement agreement (Paragraph 40 (a) and (b)) and Notice (Section 1.4)).  Given that the previous version of the settlement agreement provided for $100,000 in claims administration costs and the amended version provides for $145,000 in claims administration costs, it appears the estimates have not been updated to take into account the increase in claims administration costs.  **The estimated payments per incident for Sub-Class A and B members need to be revised to take into account the increased costs for claims administration reflected in the amended settlement agreement.**  These revised estimates should also be reflected in the Notice.

- **Spanish language notice:** The motion states that a Spanish language version of the proposed class notice has been filed as Exhibit C but no such exhibit was filed. The parties are requested to file a Spanish language version of the proposed notice along with an appropriate certification by a Spanish language translator.

- **Proposed Notice defects**: The proposed notice contains a number of problems that need to be addressed.  **First**, the statement in Section 1.4 of the Notice informing class members that a separate letter accompanying the Notice provides an estimate of the amount the recipient will receive should be made more prominent by, at a minimum, placing the sentence in bold.  In addition, the last bullet-point of Section

1.4, which states, "Using the information provided above, you may calculate an estimate of your first-round distribution check based on the Sub-Class to which you belong and the number of days you experienced a flooding event at County Jail 4[,]" should be revised.  Rather than suggesting that it is up to the recipients to calculate their own payment amounts, which could be confusing given that recipients will receive individual estimates from the claims administrator, this section should be revised to inform recipients that "Using the information provided above, the claims administrator has estimated the payment amount you will receive in your first-round distribution check, which is set forth in the letter that accompanies this Notice."  **Second**, Section 1.7 informs class members that administrative costs will be paid out of the settlement fund but does not provide the total amount of claims administration costs ($145,000) that will be requested.  The Notice should be revised to state the dollar amount of claims administration costs.  **Third**, as discussed at the hearing, the Notice should provide a specific date by which individuals can challenge determinations as to class membership rather than stating that the deadline will be thirty days from the date the first-round distribution was sent, as stated in Section 2.5 of the proposed notice;  as challenges regarding class membership will be brought by individuals who were omitted from the class list and did not receive a first-round check, the Notice will not provide these individuals sufficient notice of the deadline to bring such challenges.  **Fourth**, while Section 4.1 of the Notice accurately quotes the language of the Release contained in the amended settlement agreement, it begins with the number "13", which does not correspond to the section numbers in the settlement agreement containing the language quoted in the Notice and therefore may cause confusion.  The Notice should be revised by either removing the "13" or inserting numbering that corresponds to the section numbers that contain the language quoted in the Notice.

- **Proposed Schedule:**  The schedule proposed by the parties in the motion sets a

deadline for objecting or requesting exclusion from the class that is twenty days *before* the deadline for filing of the motion for final approval and the motion for approval of attorneys' fees and costs. These motions must be filed at least three weeks before the deadline to object or request exclusion so that class members are able to view those documents and object to them if they choose. Because the costs of the claims administrator will be ongoing and information about the administration of the settlement relevant to final approval will continue to develop after these motions are filed, the schedule should include an additional deadline, approximately ten days before the fairness hearing, for the claims administrator to file appropriate supplemental declarations in support of the motions. In the revised schedule, it is requested that, when possible, the dates be framed with reference to the date the preliminary approval motion is granted.

The Court requests that the parties supply additional or revised materials addressing the problems identified above no later than **May 24, 2021.**

**Along with the materials requested above, the parties shall also provide a detailed proposed order in accordance with Civil Local Rule 7-2(c).** A sample proposed order that may provide useful guidance can be found in *Shaw v. AMN Services*, Case No. C-16-2816, Dkt. No. 151-10.

**IT IS SO ORDERED.**

Dated: May 10, 2021

JOSEPH C. SPERO
Chief Magistrate Judge