1 | LAW OFFICES OF YOLANDA HUANG
2 | YOLANDA HUANG, SBN 104543
3 | 528 Grand Avenue
Oakland, CA 94610
Telephone: (510) 329-2140
4 | Facsimile:  (510) 580-9410
Email: yhuang.law@gmail.com
5 |
Attorney for Plaintiffs
6 |
7 |
8 | **UNITED STATES DISTRICT COURT**
9 | **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
10 | **SAN FRANCISCO/OAKLAND DIVISION**
11 |
12 |

| | |
|---|---|
| CANDIDO ZAYAS, RUBEN SOTO, ALFREDO RUIZ, JOSE POOT, MILTON LECLAIRE, NIGEL HENRY, RALPH DOMINGUEZ, MATTHEW BRUGMAN , MICHAEL BROWN, KISHAWN NORBERT, MARK EDWARD HILL, and JAMES CLARK on behalf of themselves individually and others similarly situated, as a class and Subclass, | Case No.: 3:18 -cv-06155 <br><br> Related Case No.  3:18-cv-04890-JCS (Johnson) <br> Related Case No. 18-cv-04857 JCS (Taylor) <br><br> PLAINTIFFS' PROPOSED ENGLISH NOTICE |
| Plaintiffs, <br><br> vs. <br><br> SAN FRANCISCO COUNTY SHERIFF'S DEPARTMENT, CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO SHERIFF VICKI HENNESSEY; UNDER SHERIFF MATHEW FREEAN; CHIEF DEPUTY SHERIFF PAUL MIYAMOTO; CAPTAIN JASON JACKSON, SARGEANT DOLLY and John & Jane DOEs, Nos. 1 - 50. <br><br> Defendants. | HON:  Joseph Spero, presiding |

1

**PLAINTIFFS' PROPOSED ENGLISH NOTICE**

*Zayas, et al. v. San Francisco County Sheriff's Department et al.,*   United States District Court, Northern District of California, Case No.3:18-cv-06155

850 Bryant
County Jail 4
Sewage Class Action

COURT-AUTHORIZED
SETTLEMENT
COMMUNICATION

DEADLINE FOR OBJECTION
AND OPT OUT:
Month XX, 2021

# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

## *Candido Zayaz et al. v. San Francisco Sheriff's Department et al.*

## Case No.:  3:18-CV-06155 JCS

| |
|---|
| **A court authorized this notice. This is not a solicitation from a lawyer.** |

You are receiving this notice because you have been identified as a probable class member in this case, which involves sewage exposure in Housing Blocks A, B, or C of San Francisco County Jail 4, located at 850 Bryant Street, between January 3, 2017 and September 30, 2018. If you are in fact a class member, then you are entitled to money to compensate you for sewage overflows that impacted you during time spent in the Jail.

## **Your legal rights are affected whether you act in response to this notice or not. Strict deadlines apply.**

This notice summarizes the proposed settlement of this case. For the precise terms and conditions of the settlement, please visit www.sanfranciscosewagelawsuit.com or you may contact the class administrator by email, telephone, or U.S. Mail.

You can also access the court docket for this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system.

### For More Information:

Case Website:
**www.sanfranciscosewagelawsuit.com**

Case Email:
**SFJailsewageclassction@gmail.com**

Telephone:
**1-855-279-9150**

U.S. Mail:
**Sewage Class Action
PO Box 5475
Berkeley, CA, 94705**

FAX:
**(510) 580-9410**

PACER:
**https://ecf.cand.uscourts.gov**

Courthouse:
**Philip Burton Federal Building
450 Golden Gate Avenue, 16th floor
San Francisco, CA 94102**

# FREQUENTY ASKED QUESTIONS

## Contents

1       BASIC INFORMATION.................................................................................. 4

1.1     Why did I get this notice?............................................................................ 4

1.2     What is this lawsuit about?.......................................................................... 4

1.3     What is a class action, and who is involved? ............................................. 4

1.4     How much will each person will receive?................................................... 4

1.5     How can I obtain information about the settlement and its benefits?............... 5

1.6     Who is the Judge in charge of this case?.................................................... 5

1.7     How are the attorneys being paid? ............................................................. 5

1.8     Why is this lawsuit a class action? ............................................................. 6

1.9     Has the Court decided who is right?........................................................... 6

2       WHO IS IN THE SETTLEMENT?................................................................. 6

2.1     Am I part of this Settlement?....................................................................... 6

2.2     What if I was at 850 Bryant but not in Housing Blocks A, B, or C? .......... 6

2.3     What if I was at 850 Bryant and in Housing Blocks, A, B, or C, but wasn't there when the sewage spilled?........................................................ 6

2.4     How is it decided who is in the Class and who is not in the Class? ........... 6

3       THE SETTLEMENT BENEFITS--WHAT I WILL GET .............................. 7

3.1     What does the Settlement provide in terms of money?................................ 7

4       WHAT ARE MY OPTIONS? ......................................................................... 8

4.1     What happens if I do nothing? .................................................................... 8

4.2     Why would I want to opt-out of the Class Action Agreement? .................. 6

4.3     How do I ask the Court Opt-Out of the Class? ........................................ 10

4.4     Do I have a Lawyer in the case? ............................................................... 10

4.5     What must I do to obtain the benefits from the Settlement? ..................... 10

4.6     How do I tell the Court if I do not like the Class Action Agreement?............... 11

4.7     When can I expect to receive money? ........................................................ 8

4.8     Do I have to come to court? ...................................................................... 11

5       GETTING MORE INFORMATION ............................................................. 11

OPT OUT(EXCLUSION) REQUEST FORM .......................................................... 13

SPECIAL HANDLING INSTRUCTIONS FOR YOUR CHECK ............................ 15

# 1   BASIC INFORMATION

## 1.1   Why did I get this notice?

You got this notice because you were identified in the San Francisco County Sheriff's Office records as having been incarcerated in County Jail 4 in Housing Blocks A, B, or C between January 3, 2017, and September 30, 2018. Records also indicate that you were subjected to direct or indirect sewage overflow on one or more days during that period. The purpose of this notice is to inform you that:

1. The Court has allowed, or "certified," a class-action lawsuit that could affect you. You have legal rights and options that you may exercise before the Court issues a final judgment in the case.

**AND**

2. A settlement negotiated by the Plaintiffs and Defendants has been preliminarily approved by the Court. You have the right to choose to take the compensation that is part of the settlement, object to the settlement terms, or to ask to be excluded from the case before the Court gives final approval. You must make your choice before the ==[DEADLINE]==[1] or you will automatically be included in the settlement if you are a class member.

## 1.2   What is this lawsuit about?

This lawsuit seeks to compensate people who were exposed to sewage overflows at County Jail 4 in Housing Blocks A, B, or C between January 3, 2017, and September 30, 2018. The Plaintiffs in this case claim that the sewage overflows violated their Constitutional rights under the Eighth and/or Fourteenth Amendments.

## 1.3   What is a class action, and who is involved?

In a class-action lawsuit, one or more people called "Class Representatives" (in this case Candido Zayas, Ruben Soto, Alfredo Ruiz, Jose Poot, Milton LeClaire, Roger Dominguez, Michael Brown and Matthew Brugman) sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." The individuals who filed the lawsuit–and all the Class Members—are called the Plaintiffs. The people or entities the Class Members sue are called the Defendants. The Defendants in this case are the San Francisco County Sheriff's Department, the City and County of San Francisco, former San Francisco Sheriff Vicki Hennessey; former Under-Sheriff Mathew Freeman; Chief Deputy Sheriff Paul Miyamoto; Captain Jason Jackson, and former Sergeant Dolly. One court resolves the issues for everyone in the Class.

## 1.4   How much will each class member will receive?

The proposed settlement will be distributed amongst three sub-classes.  Those who had direct sewage impacts will receive two distributions. Your individual payment will depend on the sub-classes you belong to and the number of days you experienced a sewage event at County Jail 4 as recorded by the Sheriff's Office records. Payments will be made only if the court grants final approval of the settlement.  There will be deductions for attorneys' fees, costs, claims administration and restitution. **The attached letter includes an approximation of the amount you may be entitled to recover as part of the settlement.**

In the first-round distribution:

- The Sub-Class A: **Direct Sewage Impact & Filed a Grievance** will receive approximately $1.1 million for the class.  Fifty percent (50%) of the total attorneys' fees and costs, and claims administration costs will be allocated to Sub-Class A. The amount of the attorneys' fees and costs deducted from each Sub-Class A Class Member for each day of sewage impact will be calculated equally across the sub-class.  The Court has not yet approved the requested attorneys' fees and costs in this case. H**owever, should**

---

[1] Prior to sending the Class Notice, Class Counsel will update this date to 74 calendar days after preliminary approval motion is granted.

the Court approve the requested attorneys' fees and costs, each Sub-Class A member would receive an estimated **$316.81 for each day of sewage impact.**

- The Sub-Class B: **Direct Sewage Impact & <u>No</u> Grievance** will receive $901,600 for the class. Fifty percent (50%) of the total attorneys' fees and costs, and claims administration costs will be allocated to Sub-Class B. The amount of the attorneys' fees and costs deducted from each Sub-Class B Class Member for each day of sewage impact will be calculated equally across the sub-class. The Court has not yet approved the requested attorneys' fees and costs in this case. **However, should the Court approve the requested attorneys' fees and costs, each Sub-Class B member would receive an estimated $69.09 for each day of sewage impact.**

- The Sub-Class of **Indirect Sewage Impact** will receive $5.15 per occurrence of indirect sewage impact. There are no deductions from this number based on fees and costs including costs for administering the settlement.

- <u>**Using the information provided above, the claims administrator has estimated the payment amount you will receive in your first-round distribution check, which is set forth in the letter that accompanies this Notice.**</u>

In the <u>second-round distribution</u>: If, after 270 days (nine months), there are unclaimed funds from the first-round distribution, any Unclaimed Funds will be distributed pro-rata to members of Sub-Class A and Sub-Class B. No additional attorneys' fees or costs will be deducted from the second-round distribution.

Any funds remaining 270 days after the second-round distribution will be allocated to the cy pres recipient, Legal Services for Prisoners With Children, a Bay Area non-profit.

## 1.5 How can I obtain information about the settlement and its benefits?

This Notice is a summary of the Class Action Agreement and its benefits. The full details of the proposed settlement are available online at the Settlement Website:

www.sanfranciscosewagelawsuit.com

## 1.6 Who is the Judge in charge of this case?

Magistrate Judge Joseph C. Spero of the United States District Court for the Northern District of California is overseeing this class action. The lawsuit is known as *Candido Zayas, et al. v County of San Francisco Sheriff's Department*, case No. 18-cv-06155 JCS.

## 1.7 How are the attorneys being paid?

The Court appointed attorneys to represent the Class Members in this matter. These attorneys are referred to as "Class Counsel." Class Counsel will request attorney's fees and costs in the amount of $695,000, which comprises $660,000 in fees to be split on a 50/50 basis between the Law Office of Yolanda Huang and the Law Offices of Stanley Goff and Fulvio F. Cajina. Ms. Huang is also requesting an award of $35,000 for litigation costs. Any fees and costs paid to Class Counsel must be approved by the Court.

The costs of distributing the settlement funds—like sending this notice, mailing the checks--will come out of the settlement funds as well. The total amount of claims administration costs is $145,000.

Class Counsel will file a motion with the Court containing the ultimate amount of attorneys' fees and costs requested before the deadline for Class Members to object to the settlement, which will be made available at www.sanfranciscosewagelawsuit.com or, for a fee, through the court docket for this case through the Court's Public Access to Court Electronic Records (PACER) system.

5

## 1.8   Why is this lawsuit a class action?

The Court decided that this lawsuit meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal court. Specifically, the Court found that this class action will be more efficient than having many individual lawsuits because:

- There are approximately 2,592 class members;
- Class members did not individually file their own or separate lawsuits;
- There are legal questions and facts shared by all of the Plaintiffs;
- The Class Representatives' claims are typical of the claims of the rest of the class members (exposure to sewage);
- The Class Representatives and the lawyers representing the Class will fairly and adequately represent the Class interests; and
- The common legal questions and facts are more important than questions that affect only individuals.

## 1.9   Has the Court decided who is right?

The Court has not decided whether the Defendants or the Plaintiffs are correct. The Plaintiffs and the Defendants have negotiated a settlement. The Court will determine whether the Settlement is fair, reasonable, and adequate. The Settlement provides benefits to the Class Members and the public, and, if finally approved, will take the form of a final judgment.

## 2   <u>WHO IS IN THE SETTLEMENT?</u>

## 2.1   Am I part of this Settlement?

If you were incarcerated in Housing Blocks A, B, or C on the 7th floor of 850 Bryant Street (County Jail 4) between January 3, 2017, and September 30, 2018, **and** had direct sewage impacts as reflected in the Sheriff's Office records, you can be part of the settlement.  The settlement class as three sub-classes

described above in Section 1.4.

**If you are not sure, contact Class Counsel at 1-855-279-9150 or SFJailsewageclassction@gmail.com.**

## 2.2   What if I was at 850 Bryant but not in Housing Blocks A, B, or C?

Then you are not included in this class settlement or case.

## 2.3   What if I was at 850 Bryant and in Housing Blocks, A, B, or C, but wasn't there when the sewage spilled?

Then you are not included in this class settlement or case

## 2.4   How is it decided who is in the Class and who is not in the Class?

The Court, Class Counsel, and Counsel for the Defendants have agreed that we will use the Jail's list of which inmates were in Housing Blocks A, B, or C in 850 Bryant between January 3, 2017, and September 30, 2018 <u>and</u> the Jail's work-order records showing when sewage overflows occurred.

## 2.5   Can I challenge the determination of whether I am in the Class?

The Claims Administrator in coordination with Class Counsel is responsible for calculating which inmates are Class Members and the settlement amount owed to each Class Member. Class Members were identified by reviewing the Sheriff's Office housing records and comparing those to records of the dates, times, and locations of floods in County Jail 4.

Any individual may challenge the Claims Administrator's determination as to whether he is a Class Member by providing written notice to the Claims Administrator via email at SFJailsewageclassaction@gmail.com or via U.S. Mail delivered to PO Box 5475

Berkeley, California, 94705 **by no later than [Deadline²], 2021.** The challenge should include the inmate's name, date of birth, SF Number, and the dates the individual believes he was housed in a cell at County Jail 4 that was impacted by a sewage flood. The Claims Administrator will then re-review the relevant housing and flood records provided by the Jail to confirm whether the individual is a Class Member. The Claims Administrator's assessment in response to a written challenge is final.

If the Claims Administrator determines that you were excluded from the class in error, any funds that are not distributed during the first-round distribution will be held in a reserve fund used to make a first-round payment on your behalf.

## 2.6   Can I challenge the amount I am entitled to receive from the settlement?

An individual may challenge the Claims Administrator's determination regarding the amount to which he is entitled from the Settlement. If a Class Member believes that his first-round distribution is incorrect, either because of the number of days he experienced a flooding event, or because he was incorrectly designated as a member of the wrong Sub-Class, he can provide a written challenge to the Claims Administrator via email at SFJailsewageclassaction@gmail.com or via U.S. Mail delivered to PO Box 5475 Berkeley, California, 94705 **by no later than [Deadline³], 2021.** The challenge should include his name, date of birth, SF number, and the dates the individual believes he was housed in a cell at County Jail 4 that was impacted by a sewage flood, and proof of any grievances filed. The Claims Administrator will then review the relevant records to confirm whether the individual is a Class Member, and if so, to which Sub-Class he belongs and the number of days he was impacted by sewage. The Claims

Administrator's will respond to any such challenge withing two (2) weeks from the date of receipt. The Claims Administrator's response to a written challenge is final.

# 3   THE SETTLEMENT BENEFITS--WHAT WILL I GET?

## 3.1   What does the Settlement provide in terms of money?

The Settlement Agreement requires the Defendants to pay $2.1 million, which includes all attorney's fees and costs, and which will be distributed as set out in Section 1.4 of this Notice.

Your individual payout from the settlement will depend on which subclass you belong to and the number of days you experienced a sewage event at County Jail 4.

Class members will have 270 days (9 months) to cash checks provided during the first-round of distributions. If, after 270 days, there are unclaimed funds from the first-round distribution, any unclaimed funds will be distributed pro rata to members of Sub-Class A and Sub-Class B based on their number of days of exposure. *For example*, if there were $10,000 in unclaimed funds from the first round distribution, and there were five members of Sub-Class A who each experienced two flooding events and ten members of Sub-Class B who each experienced two flooding events, each member of Sub-Class A and B would receive $333.33 for each day of flooding, for a total of $666.66 to each Class Member. No attorneys' fees or costs will be deducted from the second-round distribution. After 270 days, any unclaimed second-round distributions will be allocated to the cy pres

---

² Prior to sending the Class Notice, Class Counsel will update this date to 44 calendar days after preliminary approval motion is granted

³ Prior to sending the Class Notice, Class Counsel will update this date to 44 calendar days after preliminary approval motion is granted

recipient, Legal Services for Prisoners With Children, a Bay Area non-profit.

## 3.2   Restitution.

California State Law, Penal Code § 2805(a) requires the City and County of San Francisco to deduct restitution from certain settlements. The Office of Victim and Survivor Rights and Services Restitution Services Unit will determine whether you own any restitution that the City is obligated to pay. Any restitution you owe will be deducted from your settlement award.

If any restitution amount is deducted from your settlement check, the Claims Administrator will provide you notice of the amount of the settlement that was put toward your restitution order.

---

# My Options

1. **DO NOTHING/SHARE IN THE SETTLEMENT**: If you do nothing, a check will be automatically mailed to you if the Court gives its final approval of the settlement.
2. **ASK TO OPT OUT:** You will not receive money as part of this settlement. You will keep your rights. You can sue the Defendants separately about the same legal claims contained in this lawsuit.
3. **OBJECT TO THE SETTLEMENT:** To object to the settlement, you must write to the Court about why you do not like the settlement.

---

## 4   WHAT ARE MY OPTIONS?

### 4.1   What happens if I do nothing?

If you do nothing, your rights will be affected. You will be mailed a check and be bound by the terms of the Settlement. You will be agreeing to a release of the claims contained in the Settlement Agreement. That release states:

> *"Class Members including Class* FOR GOOD AND VALUABLE CONSIDERATION, in the amount of $2,100,000 (two million on hundred thousand and 00/100 Dollars) (the "SETTLEMENT AMOUNT"), the sufficiency of which is hereby admitted and acknowledged, plaintiffs and class members, individually and on behalf of their heirs, domestic partners, executors, administrators, and assigns, if any (hereinafter referred to individually and

collectively as "RELEASORS"), hereby agree to fully and forever release and discharge the City and County of San Francisco, together with its elective and/or appointive boards, agents, servants, employees, consultants, departments, commissioners, and officers (hereinafter referred to individually and collectively as "SAN FRANCISCO"), from any and all claims, actions, causes of action, liabilities, damages, demands, attorneys' fees, expenses and costs (including without limitation court costs) of any kind or nature whatsoever, whether known or unknown, suspected or unsuspected, which have existed or may have existed, or which do exist, or which hereafter shall or may exist, and which (1) are alleged or set forth or attempted to be set forth in the pleadings on file in that certain consolidated actions entitled "Johnson et al. vs. City and County of San Francisco, et al." being Action No. 18-cv-04890 JCS, "Zayas et al. vs. City and County of San Francisco, et al." being Action No. 18-cv-6155 JCS, and "Taylor v. City and County of San Francisco, et al.," U.S.D.C. Case No. 18-cv-4857 JSC on the records of the United States District Court for the Northern District of California (hereinafter referred to collectively as the "ACTION"), or (2) arise out of or are in any way related to any of the transactions, occurrences, acts or omissions set forth or alleged in any of the pleadings in the Action (hereinafter referred to collectively as the "CLAIMS"). RELEASORS represent and warrant that they have not assigned or transferred, or agreed to assign or

transfer, or attempted to assign or transfer, to any third party or entity (including without limitation any insurer) any interest in any of the CLAIMS.  RELEASORS agree to defend, indemnify and hold harmless SAN FRANCISCO against any loss, expense or liability, including without limitation reasonable attorneys' fees, arising from any breach of the foregoing. Furthermore, in the event that SAN FRANCISCO learns that RELEASORS have breached this warranty, SAN FRANCISCO may, at its sole option, elect to rescind this Full and Final Release, in which case RELEASORS shall immediately remit to SAN FRANCISCO the SETTLEMENT AMOUNT, plus interest accruing thereon at a rate of ten percent per year, compounded monthly, from the date of payment thereof. RELEASORS represent and warrant that either (a) there are no liens, including without limitation any medical reimbursement, unemployment or disability compensation liens, but excluding restitution requirements, in existence which may attach to the SETTLEMENT AMOUNT or to any recovery paid to RELEASORS pursuant to the ACTION, or (b) to the extent there are any such liens, RELEASORS will pay and retire all such liens out of the SETTLEMENT AMOUNT.  RELEASORS agree to defend, indemnify and hold harmless SAN FRANCISCO against any and all claims by any person or entity purporting to hold any lien, interest, or other claim, whether for medical care, unemployment and/or disability compensation, attorneys' fees, or otherwise, involving RELEASORS and arising in connection with any of the CLAIMS. In reaching a settlement of the CLAIMS resulting in the execution of this RELEASE, RELEASORS and SAN FRANCISCO have considered and sought to protect the interests of the Centers for Medicare and Medicaid Services ("CMS"), the federal agency that runs Medicare.  RELEASORS agree that the medical care received for any

physical injury claimed by the plaintiffs in this case was provided by the City and County of San Francisco's Jail Medical System at the City's cost and thus is not subject to medicare reimbursement procedures.  RELEASORS and RELEASORS' counsel agree to defend, indemnify and hold harmless SAN FRANCISCO against any and all claims arising out of or related to the terms of this paragraph, including without limitation, any claims by CMS. RELEASORS and COUNSEL FOR RELEASORS further agree to indemnify and forever hold harmless SAN FRANCISCO and its attorneys from any loss, liability, or claim of any kind, past or present, or claims for future care, arising out of the ACTION and occasioned by any lien, rights or obligations of any character whatsoever, including but not limited to those created by Federal or State statutes, for liens arising under Medicare. RELEASORS certify that they have read Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The parties agree that upon final approval of the Settlement Agreement by the Court, RELEASORS hereby waive application of Section 1542 of the Civil Code.  RELEASORS understand and acknowledge that, as a consequence of this waiver of Section 1542, even if Class Members should eventually suffer additional or further loss, damages or injury arising out of or in any way related to any of the events which gave rise to the claims at issue in this litigation, or any of them, Class Members will not be permitted to make

any further claims against Defendants to recover for such loss, damages or injury. RELEASORS acknowledge that they intend these consequences even as to claims for personal injury or property damage that may exist as of the date of the Settlement Agreement but which Class Representatives do not know exist, and which, if known, would materially affect Class Representatives' decision to execute the Settlement Agreement, regardless of whether Class Representatives' lack of knowledge is the result of ignorance, oversight, error, negligence, or any other cause. RELEASORS acknowledge that, in executing the Settlement Agreement, they are acting on their own, independent judgment informed by their legal counsel. RELEASORS acknowledge having read the Settlement Agreement and have had the opportunity to be advised by Class Counsel as to its meaning and effect. RELEASORS acknowledge and warrant that their execution of the Settlement Agreement is free and voluntary. RELEASORS further represent and warrant that, at the time they executed the Settlement Agreement, they were not in the period of first physical confinement, whether as an inpatient or outpatient, in a clinic or health facility (as defined in Sections 1203 and 1250 of the Health and Safety Code) as a result of the injury alleged to have given rise to any of the claims at issue in this litigation, and that as a result Business and Professions Code section 6152(b) cannot be used to invalidate the Settlement Agreement.

**4.2   How do I get out of the Settlement?**

To exclude yourself from the settlement, you send the "OPT OUT(EXCLUSION) REQUEST FORM" which is part of this notice. Be sure to include your name and address and to sign the letter (electronic

signatures and Docusign are invalid).

The Opt-Out Form can be found on page 12 of this booklet and is also available at:

**SFJailsewageclassction@gmail.com**

You must mail your Exclusion Request postmarked by **[Deadline],[4] 2021**, to:

**850 Bryant Sewage Class Action Claims Administrator**
**PO Box 5475**
**Berkeley, CA 94705**

**4.3   Do I have a Lawyer in the case?**

Yes. The Court has appointed attorneys Yolanda Huang, Stanley Goff, and Fulvio Cajina to represent all Class Members as "Class Counsel." Yolanda Huang has been appointed lead Class Counsel. You will not be charged for contacting her. You may contact attorney Yolanda Huang with questions at:

**SFJailsewageclassction@gmail.com**
**or**

**1-855-279-9150.**

**4.4   What must I do to obtain the benefits from the Settlement?**

If you are determined to be a Class Member, you will receive a check to the same address where you received this notice and you do not need to do anything.

If you would like to direct payment be mailed to somewhere other than to where this notice was mailed, you must fill out and return the form titled "SPECIAL HANDLING INSTRUCTIONS FOR YOUR CHECK" which is part of this notice. The deadline to return this form is **[Deadline], 2021.[5]**

---

[4] Prior to sending the Class Notice, Class Counsel will update this date to 74 calendar days after preliminary approval motion is granted

[5] Prior to sending the Class Notice, Class Counsel will update this date to 74 calendar days after preliminary approval motion is granted

### 4.5   How do I tell the Court if I do not like the Class Action Settlement?

If you do not opt-out from the Class Action Settlement, you may still object. The Court will consider your views when it decides whether or not to approve the settlement. Understand that the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue. You cannot ask the Court to order a different settlement.

• Any objection to the proposed settlement **must be in writing**. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number: *Zayas, et al. v. San Francisco Sheriff's Department, et al.*, Case Number 3:18 CV-06155 JCS), (b) be submitted to the Court either by mailing them to:

> **The Class Action Clerk,**
> **United States District Court for the**
> **Northern District of California,**
> **450 Golden Gate Avenue, 16th floor**
> **San Francisco, CA 94102.**

• You must file or mail your objection by <mark>[the DEADLINE][6] (if mailed, your objection must be postmarked by this date)</mark>:

In addition, if you wish, you may also choose to speak at the final approval hearing (the "Fairness Hearing").

### 4.6   Do I have to come to court?

No. The Court will hold a Fairness Hearing on <mark>[DATE][7]</mark>, to decide whether to approve the settlement. You may attend, and you may ask to speak, but you do not have to.

If you mail or file an objection, you do not have to come to the Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay for your own lawyer to attend.

## 5   GETTING MORE INFORMATION

You have multiple options to get more information.

Visit the website: www.SFJailsewageclassction.com where you will find the Proposed Settlement and other relevant documents about the case.

You may also contact the Lead Counsel, Yolanda Huang by phone (855-279-9150) or email (SFJailsewageclassction@gmail.com). All documents filed in this case are also available for a fee on the court website, www.pacer.gov.

> **DO NOT CONTACT**
> **THE CITY AND COUNTY OF**
> **SAN FRANCISCO        or**
> **THE SAN FRANCISCO**
> **SHERIFF'S DEPARTMENT**

**THOSE AGENCIES HAVE NOTHING TO DO WITH THE SETTLEMENT AND CANNOT ANSWER QUESTIONS ABOUT THE LAWSUIT OR SETTLEMENT.**

## FINAL HEARING DATE SUBJECT TO CHANGE

The final hearing may be changed without notice. Check PACER or check with the class attorney if you intend to appear at the Final Hearing.

---

[6] Prior to sending the Class Notice, Class Counsel will update this date to 74 calendar days after preliminary approval motion is granted

[7] Prior to sending the Class Notice, Class Counsel will update this date to the date of the Fairness Hearing set in the Court's Order granting preliminary approval

**If you know anyone who was in 850 Bryant from January 3,** **2017 through September 30, 2019, tell them about this settlement and ask them to contact us.**

# OPT OUT(EXCLUSION) REQUEST FORM

*Zayas, et al v. San Francisco Sheriff's Department, et al.*
U.S. District Court for Northern District of California, Case No. 18-cv-
06155 JS

Only fill and return this form if you want to exclude yourself from this case (opt out). If you want to opt-out of the class, you must fill in this Exclusion Request form and return it by mail, with an original signature, postmarked no later than **[DATE 2021]**[8], to:

**850 Bryant Sewage Class Action**
**Claims Administrator**
**PO Box 5475**
**Berkeley, CA 94705**

Please print legibly:

Name  _____Date_____, 202_

Street Address_____

City _____ State _____ Zip Code_____

Phone_____ Email_____

I hereby certify that I believe myself to be a member of the class.

Further, I want to exclude myself from this lawsuit. I understand that I will not receive a

check as part of this settlement as a result of my decision to exclude myself.


Signature of Class Member _____

Sign this form with a pen and send the original. Electronic signatures
and Docusign are invalid.

# POSTMARK DEADLINE:

## [month, date, 2021][9]

---

[8] Prior to sending the Class Notice, Class Counsel will update this date to 74 calendar days after preliminary approval motion is granted
[9] Prior to sending the Class Notice, Class Counsel will update this date to 74 calendar days after preliminary approval motion is granted

13

# SPECIAL HANDLING INSTRUCTIONS FOR YOUR CHECK

*Zayas, et al v. San Francisco Sheriff's Department, et al.*

U.S. District Court for Northern District of California, Case No. 18-cv-06155 JS

If you want your check delivered to another person, or to a different address than where you received this notice, please fill out this form and return it by any of the following methods:

- Mail: PO Box 5475, Berkeley, CA 94705
- Fax: (510) 580-9410 or
- Email: SFJailsewageclassction@gmail.com

### COMPLETED SPECIAL HANDLING INSTRUCTIONS, EXECUTED UNDER PENALTY OF PERJURY, MUST BE SUBMITTED BY THE **DEADLINE**:_____, 2021[10]

FIRST Name_____ LAST Name_____

Date of birth _____

Address: _____

City_____ State_____ Zip Code _____

Email: _____

Telephone: Daytime_____ Evening_____

Special Instructions: _____

---

I declare under penalty of perjury under the laws of the State of California and the United States that I was incarcerated at 850 Bryant Street, in Housing Blocks A, B or C, in the period January 2017 through September 30, 2018, and suffered the effects of the sewage floods. The statements above are true and correct.

Signed in City_____, State_____

on (date)_____, 202__

Signature: _____

---

[10] Prior to sending the Class Notice, Class Counsel will update this date to 74 calendar days after preliminary approval motion is granted

Sign this form with a **pen** and send the original.
Electronic signatures and Docusign are invalid.