UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDIDO ZAYAS, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>SAN FRANCISCO SHERIFF'S DEPARTMENT, et al.,<br><br>　　　　Defendants. | Case No. 18-cv-6155-JCS<br><br>Related Case No. 18-cv-4890-JCS *(Johnson)*<br>Related Case No. 18-cv-4857 JCS *(Taylor)*<br><br>**ORDER GRANTING AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Re: Dkt. No. 92, 98 |

Plaintiffs' Motion For Certification Of The Class; Appointment Of Class Counsel; Approval Of The Settlement Administrator; And, Preliminary Approval Of Class Action Settlement, Class Notice And Method Of Notice Distribution, dkt. no. 92 ("Motion"), came before the Court for hearing on April 23, 2021. At the Court's request, the parties submitted revised materials following the hearing, in the form of an amended Motion. *See* dkt. no. 98 ("Amended Motion"). The Court requested further amendments and clarifications from the parties on May 10, 2021. Dkt. No. 100. The Court has considered the terms set forth in the Further Amended Settlement Agreement, dkt. no. 98-1 ("Settlement Agreement"), the amended proposed Notice of Class Action Settlement (English), dkt. no. 101-1, and the other papers filed in support of the Motion and Amended Motion. *See* dkt. nos. 92 through 103. The Court concludes that the Settlement is sufficiently within the range of reasonableness to warrant the preliminary approval of the Settlement, certification of the Settlement Class, scheduling of the Fairness Hearing, and the mailing of notices to Class Members, as set forth below. Therefore, the Court GRANTS the Amended Motion subject to the modifications contained in Plaintiffs' supplemental materials and DENIES the earlier Motion on the basis that it is moot.

IT IS HEREBY ORDERED:

1. The Settlement Agreement is hereby preliminarily approved, subject to further considerations at the Fairness Hearing provided for below.

**Certification of the Settlement Class**

2. The Court finds that certification of the following class for purposes of settlement is appropriate: All inmates who were housed in San Francisco County Jail 4, located at 850 Bryant Street, who were housed in Housing Blocks A, B, or C, in a cell that was impacted by the sewage overflows which took place between January 3, 2017 and September 30, 2018. The Court further certifies the following three sub-classes. Sub-Class A members are defined as those Class Members who suffered direct sewage spills in their cells while housed in either Cell Block A, B or C at 850 Bryant Street, County Jail 4, during the operative period and who filed a grievance; Sub-Class B members are defined as those Class Members who suffered direct sewage spills in their cell while housed in either Cell Block A, B or C at 850 Bryant Street, County Jail 4, during the operative period, and who did not file a grievance; and Sub-Class C members are defined as those Class Members who suffered indirect sewage spills, meaning sewage spills at the jail which caused their cells to lose water or plumbing functions, while housed in either Cell Blocks A, B or C, at 850 Bryant Street, County Jail 4, during the operative period.

3. The Court finds, for purposes of settlement, that the requirements of Rule 23(a) of the Federal Rules of Civil Procedure appear to be satisfied for the Class: (1) the Class is sufficiently numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the Class; (3) the claims or defenses of Plaintiffs are typical of the claims or defenses of the Class Members; and (4) Plaintiffs will fairly and adequately protect the interests of the Class Members.

**Fed. R. Civ. P. 23(a)**

Numerosity: Plaintiffs meet the criteria of Rule 23(a)(1) of the Federal Rules of Civil Procedure because there are approximately 74 class members in Sub-Class A; 1,798 class members in Sub-Class B, and 1,989 class members in Sub-Class C, making joinder impractical. Additionally, these class members are ascertainable through Defendants' records.

Common Questions: Plaintiffs meet the criteria of Rule 23(a)(2) because the Class claims

of the class representatives of their conditions of confinement turn upon answers to overarching common questions regarding Defendants' policies and procedures that are capable of class wide resolution for settlement purposes. The Court finds that for settlement purposes, the common questions raised by the class representatives include: the timing, location, and cause of the sewage events and the jail's policies and procedures in response to the sewage events, among others.

Typicality: Plaintiffs meet the criteria of Rule 23(a)(3) for settlement purposes because the claims of the Class Representatives are typical of the claims of the Class in that their claims are based on the same sewage events and legal theories, and Plaintiffs were subject to and allege they were harmed by the same sewage events as other Class Members.

Adequacy: Plaintiffs meet the criteria of Rule 23(a)(4) because the named Plaintiffs are adequate class representatives in that they do not have any conflicts with the class, are committed to representing the interests of the members of the class, and are represented by counsel with experience in mass actions and/or class actions.

**Fed. R. Civ. P. 23(b):**

The Court preliminary finds, for purposes of settlement only, that the requirements of Rule 23(b)(3) of the Federal Rules of Civil Procedure are met because there are common questions of fact and law regarding Defendants' policies and procedures, including those identified above regarding the sewage events, that in the context of a settlement, predominate over any individual issues. Moreover, a class action settlement is superior to other available methods for fair and efficient adjudication of the controversy because the injury suffered by each member of the Class, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendants economically feasible, and the class action settlement device provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

4. For purposes of settlement, the Class is certified pursuant to Rules 23(a) and Rules 23(b)(3) of the Federal Rules of Civil Procedures as a class action on behalf of the Class and subclasses defined in Paragraph 2 of this Order.

5. The Court appoints Plaintiffs Candido Zayas, Ruben Soto, Alfredo Ruiz, Jose Poot,

1 Milton Leclaire, Nigel Henry, Ralph Dominguez, Matthew Brugman , Michael Brown, And Kishawn Norbert as class representatives for purposes of settlement. The Court appoints Yolanda Huang, Fulvio Çajina and Stanley Goff as class counsel, with Yolanda Huang as lead counsel for purposes of settlement.

6. The Court appoints Greenfire Law PC as the Claims Administrator.

7. The Court approves the Settlement Notices filed on May 21, 2021 (English) and May 28, 2021 (Spanish).

8. In connection with its preliminary approval of the Settlement, the Court is not approving the payment of a "service award" to class members as none has been requested.

**Form and Timing of Notice**

9. Not later than **June 16, 2021**, the Claims Administrator shall mail the English and Spanish language Settlement Notice, substantially in the form filed with this Court on May 21, 2021 (English) and May 28, 2021 (Spanish), to be mailed first-class, postage pre-paid, to all Class Members through the notice procedures described in the Settlement Agreement along with an individualized letter indicating the approximate amount of each class member's award.

10. Not later than **August 20, 2021**, Class Counsel shall serve and file a sworn statement from the Claims Administrator attesting to compliance with the service of the Settlement Notices, as set forth above. The cost of giving notice to the Class Members as specified in this Order shall be paid for as set forth in the Settlement Agreement.

11. The Court finds that the notice to be provided as set forth in this Order is the best means of providing notice to the Class Members, is practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the Settlement and the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement or the Fairness Hearing, in full compliance with the requirements of due process and the Federal Rules of Civil Procedure.

**Ability of Class Members to Opt-out of the Settlement, Object to the Settlement, and/or Dispute Their Individual Payment**

12. All Class Members who wish to exclude themselves from the Settlement Class must follow the procedures set forth in the Class Notice. Class Members shall have until **August 9,**

**2021** to send any objections or requests for exclusion to the Claims Administrator. Not later than **August 20, 2021**, Class Counsel shall file a sworn statement by the Claims Administrator setting forth the names and addresses of each member of the Class who elected to exclude themselves from the Settlement.

13. Any Class Member who does not properly and timely exclude themselves from the Settlement shall be included in the Class and, if the Settlement is approved and becomes effective, shall be bound by all the terms and provisions of the Settlement Agreement, including but not limited to the Release of Claims described therein, whether or not such person shall have objected to the Settlement and whether or not such person participates in the settlement fund or the other benefits to the Class to be provided under the Settlement Agreement.

14. All Class Members who wish to dispute their individual payments (i.e. the number of sewage events they experienced and whether or not they submitted a grievance regarding the same) must follow the procedures set forth in the Class Notice.

**Fairness Hearing**

15. A hearing (the "Fairness Hearing") shall take place before this Court, via Zoom, on **September 3, 2021 at 9:30 a.m.**, to determine:

a. Whether the Court should permanently certify the Class for settlement purposes and whether the Plaintiffs and Class Counsel have adequately represented the Class;

b. Whether the Settlement, on the terms and conditions provided for in the Settlement Agreement, should be finally approved by the Court as fair, reasonable and adequate;

c. Whether the Court should enter Judgment consistent with the terms of the final approval order;

d. Whether the application for attorneys' fees and expenses to be submitted by Class Counsel should be approved; and

e. Such other matters as the Court may deem necessary or appropriate. The Court may finally approve the Settlement at or after the Fairness Hearing with any modifications agreed to by the Parties and without further notice to the Class Members.

16. Class Counsel shall serve and file their application for attorneys' fees and costs by not

later than **July 19, 2021**.

17. Any Class Member who has not requested to be excluded from the Settlement, and any other interested person, may appear at the Fairness Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the Fairness Hearing.

18. Any responses to any written objections to the Settlement and any other matter in support of the Settlement shall be filed with the Court not later than **August 20, 2021**.

19. Any documents filed with the Court must also be served on opposing counsel in this case and the related cases, either by hand delivery or by first class mail.

\*\*\*

Accordingly, the Court sets the following schedule:

**June 16, 2021:** Mailing of class notices including individualized settlement amount estimates;

**June 25, 2021:** Defendants' counsel provides all counsel with the Restitution Demands;

**July 9, 2021:** Deadline for class members to challenge Claims Administrator's determinations regarding class membership and settlement amounts;

**July 19, 2021:** Deadline to file Plaintiffs' Motion for Attorney's Fees and Costs on the Settlement and Motion for Final Approval of Settlement;

**August 9, 2021:** Deadline for class members to file and submit objections to the settlement or requests for exclusion;

**August 20, 2021**: Deadline to file responses to objections and declaration by Claims Administrator that includes a) a list of persons who made timely and proper requests for exclusion; and b) Proof of Class Notice.

**September 3, 2021**: Fairness hearing

**30 calendar days after Court's final approval**: Defendants' tender of net settlement payment;

**60 calendar days after Court's final approval:** First-round distribution of settlement checks;

**330 calendar days after Court's final approval:** Deadline for Class Members to cash first-round distribution checks;

**390 calendar days after Court's final approval**: Second round distribution of settlement checks;

**660 calendar days after Court's final approval:** Deadline for Class Members to cash second-round distribution checks.

**720 calendar days after Court's final approval:** Deadline for Cy Pres award if unclaimed funds remain.

**IT IS SO ORDERED.**

Dated: June 2, 2021

_____
JOSEPH C. SPERO
Chief Magistrate Judge