UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDIDO ZAYAS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SAN FRANCISCO SHERIFF'S DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 18-cv-06155-JCS<br>Related Case Nos. 18-cv-04857-JCS ("*Taylor*") and 18-cv-04890-JCS ("*Johnson*")<br><br>**ORDER FOR SUPPLEMENTAL MATERIALS IN SUPPORT OF MOTION FOR FINAL APPROVAL** |

The Court held a Final Fairness hearing in this case on September 3, 2021. Counsel in this case and in the *Johnson* and *Taylor* cases appeared, as did the claims administrator. In addition, the following class members appeared to lodge objections to the settlement: 1) Matthew Vidor through Wendy Vidor; 2) Alfonzo Williams through Angel Rovetti; 3) Ivan Rivera; and 4) Barry Gilton. As stated at the hearing, the Court requires additional materials in order to determine whether the settlement should be approved. No later than September 22, 2021, the parties shall supply the following:

1) Stipulated dismissals in *Taylor* and *Johnson* signed by all counsel. The stipulation purporting to consolidate the three cases, which the court has already denied, is insufficient. *See Zayas,* Dkt. No. 84.

2) A declaration from Ms. Yolanda Huang attesting that she informed Mr. Taylor that: a) by dismissing his individual action he would be limited to the recovery provided for under the settlement agreement; b) the pro rata share of attorneys' fees provided for under the settlement agreement would be deducted from his recovery, like it will be for all class members; and c) that having been informed of these facts, he agreed to

1    participate in the *Zayas* settlement and dismiss his individual action.

2.  3) Declarations establishing that the notice provided to class members was adequate, which should include, at least, a declaration from the claims administrator providing the following information: a) the total number of class members based on the information provided by the City; b) how many of those individuals were sent notices in the initial round of notices; c) how many class members' initial notices were returned as undeliverable; d) how many of the class members whose notices were returned as undeliverable or who were not sent initial notices because no address could be found were later sent notices after those class members were found through outreach efforts or efforts of the administrator and of those notices, how many were undeliverable; e) how many class members, in total, did not receive class notice and the aggregate settlement payments that would have been made to those class members; and f) for the individuals in category e, the aggregate settlement amount that would have been paid for class members whose "allocated recovery" was less than $500. The claims administrator should also provide additional information explaining whether a private investigator was used for those whose gross settlement amount was at least $500 or rather, whether the private investigator researched only class members who were entitled to at least $500 *after* attorneys' fees and restitution are deducted. In addition, to the extent that the adequacy of class notice is based on efforts of counsel before the claims administrator was retained, it may be appropriate for counsel to supply declarations describing those efforts.

3.  4) One or more declarations from the City, as appropriate, showing that the information it provided to class counsel with respect to membership in the classes and subclasses is reliable and is the result of diligent effort. These declarations should demonstrate the reliability of the information provided to class counsel about: a) where and when during the class period the sewage spills occurred; b) who was housed in the affected units during the class period and the dates and cell numbers for each such individual; and c) which of those individuals filed grievances.

5) To the extent class counsel and/or the claims administer used information provided by the City to make determinations about class membership and settlement amounts, declarations describing how the information provided by the City was used to make those determinations and showing that that process was accurate and reliable.

6) Declarations from both the City and class counsel (as well as the claims administrator if appropriate) addressing the specific objections that have been brought to the Court's attention, which should address the objections of: a) Edward Blanche; b) Federico Freeman; c) the individual described by the claims administrator as B.G.; d) Alfonzo Williams; e) Adrian Gordon; f) the individual described by the claims administrator as N.A.; g) Matthew Vidor; h) Barry Gilton; and i) the individual described as "C.S." by the claims administrator.[1] These declarations should provide detailed information showing that the information that was used to determine the settlement amounts of these individuals, including housing information and whether they filed grievances, was reliable and accurate. To the extent that it is determined that any amounts to which these class members are incorrect, the declarations should describe any adjustments that will be made to these class members' settlement payments.

7) Proposed orders granting the motion for final approval and the request for attorneys' fees and costs, as required under Civil Local Rule 7-2(c).

**IT IS SO ORDERED.**

Dated: September 3, 2021

JOSEPH C. SPERO
Chief Magistrate Judge

---

[1] At the hearing, the Court inadvertently failed to mention C.S., whose objection was described in the Doughty Status Report, Dkt. No. 115.