STANLEY GOFF (Bar No. 289564)
LAW OFFICE OF STANLEY GOFF
15 Boardman Place Suite 2
San Francisco, CA 94103
Telephone: (415) 571-9570
Email: scraiggoff@aol.com

Fulvio F. Cajina, Esq. (SBN 289126)
LAW OFFICE OF FULVIO F. CAJINA
528 Grand Ave.
Oakland, CA 94610
Telephone: (415) 601-0779
Email: fulvio@cajinalaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| CANDIDO ZAYAS, et al., on behalf of themselves individually and others similarly situated, as a class and Subclass,<br><br>Plaintiffs,<br><br>vs.<br><br>SAN FRANCISCO COUNTY SHERIFF'S DEPARTMENT, et al.<br><br>Defendants. | CASE NO.: 3:18 -CV-06155 – ZAYAS<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT** |

**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT**

Upon consideration of the Parties Fourth Joint Amended Motion for Certification of the Class (the "Motion") filed by Plaintiffs Candido Zayas et al, *see* dkt. 98, and the other papers filed in support of the Motion and Amended Motion. *See* dkt. nos. 92 through 103, in the above-captioned case seeking final Court approval of the parties' Settlement, and having reviewed and considered the terms and conditions of the proposed Settlement as set forth in the Motion and the term<u>s</u> of which are incorporated in this Order; and no opposition to the Motion having been submitted; and the Court having jurisdiction to consider the Motion and the relief requested therein, and venue being proper before the Court; and due and proper notice of the Motion having been provided; and upon the hearing on the Motion and after due deliberation, and good and sufficient cause appearing therefor;

THE COURT MAKES THE FOLLOWING FINDINGS AND ORDERS:

1. The parties litigated this case for more than one-and-a-half years before reaching the proposed class action settlement currently before the Court. During the course of the litigation, the Court became very familiar with the claims, defenses, competing facts and legal theories presented by the parties, as well as the work of counsel in presenting them. The Settlement and Settlement Agreement, *see* dkt. 98-1, was reached after significant investigation, discovery, and motion practice, including Plaintiffs' successful motion for class certification. The negotiations were at arms-length, and facilitated by Magistrate Judge Jacqueline Scott Corley, over the course of several settlement sessions.

2. With this history, the Court has now considered Plaintiffs' motion for approval of the proposed class action settlement by weighing the strength of the case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; and the extent of discovery completed, among other factors. *See Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375-1376 (9th Cir. 1993); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1291 (9th Cir. 1992)). The Court concludes based on these factors, as well as the terms of the Settlement Agreement itself and the history of the lengthy arms-length negotiations that resulted in an agreement of these terms, that the settlement is "fair, adequate, and reasonable." *See Staton v. Boeing Co.,* 327 F.3d 938, 959 (9th Cir. 2003).

3.     The Court also finds that the requirements of Rule 23(a) of the Federal Rules of Civil Procedure are satisfied for the Settlement Class: (1) the Class is sufficiently numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the Class; (3) the claims or defenses of Plaintiffs are typical of the claims or defenses of the Class Members; and (4) Plaintiffs will fairly and adequately protect the interests of the Class Members.

<u>Numerosity</u>: Plaintiffs meet the criteria of Rule 23(a)(1) of the Federal Rules of Civil Procedure because there are approximately 74 class members in Sub-Class A; 1,798 class members in Sub-Class B, and 1,989 class members in Sub-Class C, making joinder impractical. Additionally, these class members are ascertainable through Defendants' records.

<u>Common Questions</u>: Plaintiffs meet the criteria of Rule 23(a)(2) because the Class claims of the class representatives of their conditions of confinement turn upon answers to overarching common questions regarding Defendants' policies and procedures that are capable of class wide resolution for settlement purposes. The Court finds that for settlement purposes, the common questions raised by the class representatives include: the timing, location, and cause of the sewage events and the jail's policies and procedures in response to the sewage events, among others.

<u>Typicality</u>: Plaintiffs meet the criteria of Rule 23(a)(3) for settlement purposes because the claims of the Class Representatives are typical of the claims of the Class in that their claims are based on the same sewage events and legal theories, and Plaintiffs were subject to and allege they were harmed by the same sewage events as other Class Members.

<u>Adequacy</u>: Plaintiffs meet the criteria of Rule 23(a)(4) because the named Plaintiffs are adequate class representatives in that they do not have any conflicts with the class, are committed to representing the interests of the members of the class, and are represented by counsel with experience in mass actions and/or class actions.

4.     In light of the foregoing, the Settlement Class is certified pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure as a class action on behalf of the Class, and the Court appoints Plaintiffs Candido Zayas, Ruben Soto, Alfredo Ruiz, Jose Poot, Milton Leclaire, Nigel Henry, Ralph Dominguez, Matthew Brugman, Michael Brown, and Kishawn Norbert as class

representatives for purposes of settlement. The Court appoints Yolanda Huang, Fulvio Cajina and Stanley Goff as class counsel, with Yolanda Huang as lead counsel for purposes of settlement.

5. The Court finds that due and proper notice of the Settlement was provided to all Class Members, including notice of the right to object to the proposed Settlement, the right to object to Class Counsel's application for attorneys' fees and costs, the right to appear in person or by counsel at the Fairness Hearing and be heard, and the right to Opt Out. The Court finds that the notice provided was the best means of providing notice to the Class Members under the circumstances. The Court further finds that it was due and sufficient notice of the Settlement and the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement or the Fairness Hearing, in full compliance with the requirements of due process and Federal Rule of Civil Procedure 23(c)(2)(B), (e)(1), and (h)(1).

6. The Court finds that the following individuals have objected to the Settlement: a) Edward Blanche; b) Federico Freeman; c) the individual described by the claims administrator as B.G.; d) Alfonzo Williams; e) Adrian Gordon; f) the individual described by the claims administrator as N.A.; g) Matthew Vidor; h) Barry Gilton; and i) the individual described as "C.S." by the claims administrator. The Court is satisfied that Class Counsel has addressed the objections raised by the above individuals.

7. The Court finds that Novell Taylor has requested to opt out of the Settlement. The share of the class action settlement previously assigned to Mr. Taylor in the sum of $$5,713.04 shall be included with Unclaimed Funds and distributed as part of the second-round distribution.

8. The Court approves payment to the Settlement Administrator, Greenfire Law, PC, of not to exceed $145,000 out of the Gross Settlement Amount. If the Claims Administrator's costs does not exceed $145,000, all unexpended balance (credit) shall be included with Unclaimed Funds and distributed as part of the second-round distribution.

9. By separate order, the Court grants Class Counsel's application for reasonable attorneys' fees and costs.

10. The Court finds that the terms of the Settlement Agreement are fair, reasonable, and

adequate and are hereby approved on a final basis pursuant to Federal Rule of Civil Procedure 23(e). Specifically, the Court approves in full the Settlement Agreement attached as Exhibit A to the Motion filed by Plaintiffs Candido Zayas et al. (*See* ECF 98-1). The Parties shall comply with and implement the Settlement Agreement according to its terms.

11. The Claims of the Johnson plaintiffs are dismissed without prejudice. All Johnson plaintiffs are included as members of the Class and subclasses as defined in Paragraph 2 of the Order Granting Preliminary Approval of Class Action Settlement (ECF 104).

12. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of the Settlement Agreement or this Order.

IT IS SO ORDERED.

Dated: _____

JOSEPH C. SPERO
Chief Magistrate Judge