UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDIDO ZAYAS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SAN FRANCISCO SHERIFF'S DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 18-cv-06155-JCS<br>Related Case Nos. 18-cv-04857-JCS ("*Taylor*") and 18-cv-04890-JCS ("*Johnson*")<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARDING ATTORNEYS FEES AND COSTS**<br><br>Dkt. No. 106 |

## I.   INTRODUCTION

The Court has considered the parties' Motion for Final Approval of Class Action Settlement ("Motion for Final Approval"), Dkt. 106, the objections of class members who have appeared in this action, and the supplemental materials submitted in response to the Court's Order for Supplemental Materials, Dkt. 127, along with the entire record in this case and the related cases. The Court also conducted a Final Fairness Hearing on September 3, 2021. As set forth below, the Motion for Final Approval is GRANTED.

## II.   FINDINGS

1. The parties litigated this case for more than one-and-a-half years before reaching the proposed class action settlement currently before the Court. During the course of the litigation, the Court became very familiar with the claims, defenses, competing facts and legal theories presented by the parties, as well as the work of counsel in presenting them. The Settlement and Settlement Agreement, *see* dkt. 98-1, was reached after significant investigation, discovery, and motion practice, including Plaintiffs' successful motion for class certification. The negotiations were at arms-length, and facilitated by Magistrate Judge Jacqueline Scott Corley, over the course of several

1  settlement sessions.

2      2. With this history, the Court has now considered Plaintiffs' motion for approval of the proposed class action settlement by weighing the strength of the case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; and the extent of discovery completed, among other factors. *See Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375-1376 (9th Cir. 1993); *Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1291 (9th Cir. 1992)). The Court concludes based on these factors, as well as the terms of the Settlement Agreement itself and the history of the lengthy arms-length negotiations that resulted in an agreement of these terms, that the settlement is "fair, adequate, and reasonable." *See Staton v. Boeing Co.,* 327 F.3d 938, 959 (9th Cir. 2003).

    3. The Court also finds that the requirements of Rule 23(a) of the Federal Rules of Civil Procedure are satisfied for the Settlement Class: (1) the Class is sufficiently numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the Class; (3) the claims or defenses of Plaintiffs are typical of the claims or defenses of the Class Members; and (4) Plaintiffs will fairly and adequately protect the interests of the Class Members.

<u>Numerosity</u>: Plaintiffs meet the criteria of Rule 23(a)(1) of the Federal Rules of Civil Procedure because there are approximately 2,591 class members, making joinder impractical. Additionally, these class members are ascertainable through Defendants' records.

<u>Common Questions</u>: Plaintiffs meet the criteria of Rule 23(a)(2) because the Class claims of the class representatives of their conditions of confinement turn upon answers to overarching common questions regarding Defendants' policies and procedures that are capable of class wide resolution for settlement purposes. The Court finds that for settlement purposes, the common questions raised by the class representatives include: the timing, location, and cause of the sewage events and the jail's policies and procedures in response to the sewage events, among others.

<u>Typicality</u>: Plaintiffs meet the criteria of Rule 23(a)(3) for settlement purposes because the claims of the Class Representatives are typical of the claims of the Class in that their claims are based on the same sewage events and legal theories, and Plaintiffs were subject to and allege they were harmed by the same sewage events as other Class Members.

1          Adequacy: Plaintiffs meet the criteria of Rule 23(a)(4) because the named Plaintiffs are adequate class representatives in that they do not have any conflicts with the class, are committed to representing the interests of the members of the class, and are represented by counsel with experience in mass actions and/or class actions.

4.     The Court finds, for purposes of settlement, that the requirements of Rule 23(b)(3) of the Federal Rules of Civil Procedure are met because there are common questions of fact and law regarding Defendants' policies and procedures, including those identified above, that in the context of a settlement, predominate over any individual issues. Moreover, a class action settlement is superior to other available methods for the fair and efficient adjudication of the controversy because the injury suffered by each member of the Class, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendants economically feasible, and the class action settlement device provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

5.     In light of the foregoing, the Settlement Class is certified pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure as a class action on behalf of the Class, and the Court appoints Plaintiffs Candido Zayas, Ruben Soto, Alfredo Ruiz, Jose Poot, Milton Leclaire, Ralph Dominguez, Matthew Brugman, Michael Brown, and Kishawn Norbert as class representatives for purposes of settlement.[1]  The Court appoints Yolanda Huang, Fulvio Cajina and Stanley Goff as class counsel, with Yolanda Huang as lead counsel for purposes of settlement.

6.     The Court finds that due and proper notice of the Settlement was provided to all Class Members, including notice of the right to object to the proposed Settlement, the right to object to Class Counsel's application for attorneys' fees and costs, the right to appear in person or by counsel at the Fairness Hearing and be heard, and the right to Opt Out. The Court finds that the notice provided was the best means of providing notice to the Class Members under the circumstances.

---

[1] The Court inadvertently approved the appointment of Nigel Henry as a class representative in its order granting preliminary approval. Dkt. 104. Mr. Henry is deceased and was dismissed from the case on that basis on August 13, 2020. *See* dkt. 79. Therefore, he is not listed here as a class representative. James Clark and Mark Edward Hill are Plaintiffs in this case but the parties did not request that they be appointed as class representatives and therefore, the Court does not appoint them as class representatives herein.

1  The Court further finds that it was due and sufficient notice of the Settlement and the Fairness
2  Hearing to all persons affected by and/or entitled to participate in the Settlement or the Fairness
3  Hearing, in full compliance with the requirements of due process and Federal Rule of Civil
4  Procedure 23(c)(2)(B), (e)(1), and (h)(1).

5      7.    The Court finds that the following individuals have objected to the Settlement: a) Edward Blanche; b) Federico Freeman; c) the individual described by the claims administrator as B.G.; d) Alfonzo Williams; e) Adrian Gordon; f) the individual described by the claims administrator as N.A.; g) Matthew Vidor; h) Barry Gilton; and i) the individual described as "C.S." by the claims administrator. The Court is satisfied that the parties have addressed the objections raised by the above individuals and that none of the objections warrants denying approval of the Settlement Agreement.

    8.    The Court finds that Novell Taylor has requested to opt out of the Settlement Class and that the parties have agreed that he may do so regardless of whether his request was timely under the schedule established by the Court. Mr. Taylor's request to opt out of the Settlement Class is therefore approved. Further, the parties have represented to the Court that Defendants and Mr. Taylor have entered into a separate settlement agreement in principal and Defendants have stipulated that they waive the requirement under paragraph 31 of the Settlement Agreement in this case making final approval of the class settlement contingent on the dismissal of the *Taylor* case. Dkt. 138. The share of the class action settlement previously assigned to Mr. Taylor in the sum of $5,713.04 shall be included with Unclaimed Funds and distributed as part of the second-round distribution.

    9.    The Court approves payment to the Settlement Administrator, Greenfire Law, PC, of not to exceed $145,000 out of the Gross Settlement Amount. If the Claims Administrator's costs do not exceed $145,000, all unexpended balance (credit) shall be included with Unclaimed Funds and distributed as part of the second-round distribution.

    10.    The Court finds that the amount of fees and costs requested by class counsel is fair, reasonable and adequate. Fed. R. Civ. P. 23(e)(2); *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). Accordingly, class counsel shall receive $660,000 in attorney's fees with 50% of the attorneys' fees going to the Law Office of Yolanda Huang and 50% of the

4

attorneys' fees jointly going to attorneys Stanley Goff and Fulvio Cajina. The Court approves the additional award of $35,000 in litigation costs to the Law Office of Yolanda Huang.

11. The Court finds that the terms of the Settlement Agreement are fair, reasonable, and adequate and are hereby approved on a final basis pursuant to Federal Rule of Civil Procedure 23(e). The Parties shall comply with and implement the Settlement Agreement according to its terms.

12. As set forth in the Stipulation of Dismissal in *Johnson*, the Claims of the *Johnson* plaintiffs are dismissed without prejudice. All *Johnson* plaintiffs are included as members of the Class and subclasses as defined in Paragraph 2 of the Order Granting Preliminary Approval of Class Action Settlement, Dkt. 104.

**IT IS SO ORDERED.**

Dated: October 4, 2021

JOSEPH C. SPERO
Chief Magistrate Judge