LAW OFFICE OF STANLEY GOFF

15 Boardman Place

San Francisco, Ca 94103

(415) 571-9570

scraiggoff@aol.com(e-mail)

August 12, 2022

ROBERT VICENTE VELLA, 25138-111

USP MCCREARY

U.S. PENITENTIARY

P.O. BOX 3000

PINE KNOT, KY 42635

Re: 3:18-cv-06155-JCS *Zayas et al v. San Francisco Sheriff's Department*

Hello Robert Vella,

This letter is being sent out to provide you notice of your status as a class member in the above-titled class action suit that was brought against the City and County of San Francisco. According to our records, you were entitled to a gross award amount of $1,319.41 minus attorney fees and costs of $548.23 and minus restitution of $771.18. Unfortunately, this leaves you a balance of 0 as to the first round. You may be entitled to second round payments, however, depending upon how much money is left and what class you are in. To inquire about second round payments that you may be entitled to, please contact the court appointed firm who is charge of administering the awards.

Green Fire
Rachel S. Doughty, Esq.
P.O. Box 8055
Berkeley, CA 94707
T: 510.900.9502 x 706
F: 510.900.9502
rdoughty@greenfirelaw.com

or

**Christian Bucey**
Greenfire Law, PC
P.O. Box 8055
Berkeley, CA 94707
T: 510.900.9502 x 701
F: 510.900.9502
cbucey@greenfirelaw.com

Please find attached documents pertaining to these figures along with notice of settlement of class action lawsuit printed in both English and Spanish.

If you have any other questions, please feel free to contact me at the number above.

Thank you,

/s/ Stanley Goff

Stanley Goff

ROBERT VICENTE VELLA, 25138-111
USP MCCREARY
U.S. PENITENTIARY
P.O. BOX 3000
PINE KNOT, KY 42635

## CLASS MEMBER AWARD ACCOUNTING

*Zayas, et al v. San Francisco Sheriff's Department, et al.*
U.S. District Court for Northern District of California, Case No. 18-cv-06155
JCS

| Class Member Name: | ROBERT V VELLA |
|---|---|
| SF Jail ID: | S02065 |
| Gross Award Amount: | $1,319.41 |
| Amount Subtracted for Attorney Fees and Cost: | $548.23 |
| Net Individual Entitlement: | $771.18 |
| Portion of Net Individual Entitlement Subtracted for Restitution Obligation: | $771.18 |
| Total Check Amount: | $0.00 |

## CONTABILIDAD DE PREMIOS PARA MIEMBROS DE CLASE

*Zayas, et al v. Departamento del Sheriff de San Francisco, et al.* Tribunal de
Distrito de EE.UU. para el districto norte de California, Caso No. 18- cv-06155 JCS

| Nombre del miembro de la clase: | ROBERT V VELLA |
|---|---|
| Identificación de la cárcel: | S02065 |
| Cantidad bruta otorgado: | $1,319.41 |
| La cantidad restado por costos de abogados: | $548.23 |
| Derecho individual neto: | $771.18 |
| Porción del derecho individual neto restado por la obligación de restitución: | $771.18 |
| Monto total del cheque: | $0.00 |

# 850 BRYANT

# CÁRCEL DEL CONDADO 4

# DEMANDA COLECTIVA POR AGUAS RESIDUALES

## AUTORIZACIÓN DE LIQUIDACIÓN AUTORIZADA POR EL TRIBUNAL

## PLAZO PARA LA OBJECIÓN Y LA EXCLUSIÓN VOLUNTARIA

### 9 de agosto, 2021

1

# TRIBUNAL DISTRITAL DE LOS ESTADOS UNIDOS PARA EL DISTRITO NORTE DE CALIFORNIA

## *Candido Zayas et al. v. Departamento del Sheriff de San Francisco et al.*

## Caso No.: 3:18-CV-06155 JCS

**Un tribunal autorizó esta notificación.  No se trata de una solicitud de un abogado.**

Usted ha recibido esta notificación por ser uno de los posibles integrantes de la demanda colectiva en este caso, lo cual implica que se ha visto expuesto a aguas residuales en los bloques de vivienda A, B o C de la Cárcel del Condado de San Francisco 4, ubicada en 850 Bryant Street, entre el 3 de enero de 2017 y el 30 de septiembre de 2018. Si de hecho usted es uno de los demandantes, entonces tiene derecho a recibir dinero para indemnizarlo por los desbordamientos de aguas residuales que le afectaron durante el tiempo que permaneció en la cárcel.

## **Sus derechos legales se verán afectados ya sea que responda o no responda a esta notificación. Se aplicarán plazos estrictos.**

Esta notificación resume la solución propuesta de este caso. Para conocer los términos y condiciones precisos del acuerdo, visite www.sanfranciscosewagelawsuit.com o pónganse en contacto con el administrador de la demanda colectiva por correo electrónico, por teléfono o por correo postal de los Estados Unidos.

Si paga una tarifa también puede tener acceso al expediente judicial de este caso a través del sistema de acceso público a los registros electrónicos judiciales (PACER) del tribunal.

### Para obtener más información:

Sitio web del caso:
**www.sanfranciscosewagelawsuit.com**

Correo electrónico del caso:
**Sanfranciscosewagelawsuit@gmail.com**

Teléfono del caso:
**1-855-279-9150**

Caso U.S. Mail:
**Greenfire Law, PC
2001 Addison St., Suite 300
Berkeley, CA 94704**

FAX:
**(510) 900-9502**

PACER:
**https://ecf.cand.uscourts.gov**

Palacio de Justicia:
**Edificio Federal Philip Burton
450 Golden Gate Avenue, piso 16
San Francisco, CA 94102**

2

# PREGUNTAS FRECUENTES
## Contenido

1 INFORMACIÓN BÁSICA ................................................................................. 4

1.1 ¿Por qué recibí esta notificación? .......................................................... 4
1.2 ¿De qué se trata esta demanda? ............................................................. 4
1.3 ¿Qué es una demanda colectiva y quién está involucrado? ................... 4
1.4 ¿Cuánto recibirá cada integrante de la demanda? ................................. 4
1.5 ¿Cómo puedo obtener información sobre el acuerdo y sus beneficios? .. 5
1.6 ¿Quién es el juez a cargo de este caso? .................................................. 5
1.7 ¿Cómo se les paga a los abogados? ........................................................ 5
1.8 ¿Por qué esta demanda es una demanda colectiva? .............................. 6
1.9 ¿Ha decidido el tribunal quién tiene razón? ......................................... 6

2 ¿QUIÉN ESTÁ EN EL ACUERDO DE CONCILIACIÓN? ....................... 6

2.1 ¿Formo parte de este acuerdo? .............................................................. 6
2.2 ¿Qué pasa si estaba en 850 Bryant pero no en los bloques de vivienda A, B o C? ............................................................................................................. 7
2.3 ¿ Y si estaba en 850 Bryant y en los bloques de vivienda, A, B o C, pero no estaba allí cuando ocurrió la inundación de las aguas residuales? ............................ 7
2.4 ¿Cómo se decide quién está en la demanda y quién no está en la demanda? ....... 7
2.5 ¿Puedo impugnar la determinación de si estoy en la demanda? .......................... 7
2.6 ¿Puedo impugnar la cantidad que tengo derecho a recibir mediante el acuerdo? ........................................................................................................... 7

3 LOS BENEFICIOS DEL ACUERDO-- QUÉ PODRÍA RECIBIR? .......................... 8

3.1 ¿Qué proporciona el acuerdo en términos de dinero? ........................... 8
3.2 Indemnización ........................................................................................ 8

4 ¿QUÉ OPCIONES TENGO? ............................................................................. 9

4.1 ¿Qué pasa si no hago nada? ................................................................... 9
4.2 ¿Cómo salgo del acuerdo? .................................................................... 11
4.3 ¿Tengo un abogado en el caso? ............................................................ 11
4.4 ¿Qué debo hacer para obtener los beneficios del acuerdo? ................. 11
4.5 ¿Cómo le informo al tribunal si no me gusta el acuerdo? ................... 11
4.6 ¿Tengo que ir al tribunal? .................................................................... 12

5 PARA OBTENER MÁS INFORMACIÓN ...................................................... 12

FORMULARIO DE SOLICITUD DE EXCLUSIÓN (OPT OUT) ...................................................................................................... 14

INSTRUCCIONES ESPECIALES SOBRE EL COBRO DEL CHEQUE ................. 15

3

# 1 INFORMACIÓN BÁSICA

## 1.1 ¿Por qué recibí esta notificación?

Usted recibió esta notificación porque se determinó en los registros de la oficina del Sheriff del Condado de San Francisco que usted estaba recluido en la cárcel del condado 4, en los bloques de vivienda A, B o C entre el 3 de enero de 2017y el 30 de septiembre de2018. Los registros también indican que usted fue expuesto al desbordamiento directo o indirecto de aguas residuales en uno o más días durante ese período. El propósito de esta notificación es informarle que:

1. El tribunal ha permitido, o ha "certificado" que se entable una demanda colectiva lo cual podría afectarlo. Usted tiene derechos legales y opciones que puede ejercer antes de que el tribunal dicte sentencia definitiva en el caso.

**Y**

2. Un acuerdo negociado entre los demandantes y los demandados ha sido previamente aprobado por el tribunal. Usted tiene derecho a optar por aceptar la indemnización que forma parte del acuerdo, a objetar a los términos del acuerdo o a pedir que se le excluya del caso antes de que el tribunal dé su aprobación definitiva. Debe hacer su elección antes de la **9 de agosto, 2021** o se le incluirá automáticamente en el acuerdo si es integrante del grupo.

## 1.2 ¿De qué se trata esta demanda?

Esta demanda pretende indemnizar a las personas que estuvieron expuestas a los desbordamientos de aguas residuales en la cárcel del condado 4 en los bloques de vivienda A, B o C entre el 3 de enero de 2017y el 30 de septiembre de 2018. Los demandantes en este caso alegan que los desbordamientos de aguas residuales vulneraron sus derechos constitucionales bajo las enmiendas octava y/o la decimocuarta.

## 1.3 ¿Qué es una demanda colectiva y quién está involucrado?

En una demanda colectiva, una o más personas llamadas "representantes de la demanda" (en este caso Cándido Zayas, Rubén Soto, Alfredo Ruiz, José Poot, Milton LeClaire, Roger Domínguez, Michael Brown y Matthew Brugman) entablan una demanda en nombre de otras personas con reclamos semejantes. Estas personas son el "colectivo" o los "integrantes de la demanda". Las personas que presentan la demanda y todos los integrantes de ésta se llaman demandantes. Las personas o entidades a quienes demandan los integrantes de la demanda son los demandados. Los demandados en este caso son el departamento del sheriff del Condado de San Francisco, la Ciudad y el Condado de San Francisco, la ex sheriff de San Francisco Vicki Hennessey; el ex sheriff auxiliar Mathew Freema; el sheriff adjunto Paul Miyamoto; el capitán Jason Jackson, y el ex sargento Dolly. Un tribunal se encargará de resolver los asuntos de todos los integrantes de la demanda.

## 1.4 ¿Cuánto recibirá cada integrante de la demanda?

El acuerdo propuesto se distribuirá entre tres subcategorías. Aquellos que sufrieron un impacto directo de las aguas residuales recibirán dos distribuciones. Su pago individual dependerá de las subcategoría a las que pertenezca y del número de días que haya se haya visto afectado por las aguas residuales en la cárcel del condado 4, según los registros de la oficina del sheriff. Los pagos se realizarán únicamente si el tribunal otorga la aprobación definitiva del acuerdo. Habrá deducciones por honorarios de abogados, costos, administración de reclamos y restitución. La carta adjunta contiene la cantidad aproximada que usted va a recuperar como parte de este acuerdo.

En la distribución de primera ronda:

- La subcategoría A: **Aquellos que sufrieron directamente el contacto de las aguas residuales y que presentaron una queja**

4

recibirán aproximadamente $1.1 millones. Cincuenta por ciento (50%) del total de los honorarios y costos de los abogados, y los costos de administración de reclamos se asignarán a la subcategoría A. El importe de los honorarios y costos de los abogados que se deduzcan a cada integrante del grupo de la subcategoría A por cada día de impacto de las aguas residuales se calculará por igual en toda la subclase. El tribunal aún no ha aprobado los honorarios y costos de los abogados solicitados en este caso. Sin embargo, **si el tribunal aprueba los honorarios y costos de los abogados solicitados, cada integrante de la subcategoría A recibiría aproximadamente $316.81 por cada día del impacto de las aguas residuales.**

- La subcategoría B: **Aquellos demandantes que sufrieron directamente el contacto de las aguas residuales y que no presentaron una queja** recibirán $901,600. Cincuenta por ciento (50%) del total de honorarios y costos de los abogados, y los costos de administración de reclamos se asignarán a la subcategoría A. El importe de los honorarios y costos de los abogados que se deduzcan a cada integrante del grupo de la subclase A por cada día de impacto de las aguas residuales se calculará por igual en toda la subclase. El tribunal aún no ha aprobado los honorarios y costos de los abogados solicitados en este caso. **Sin embargo, si la Corte aprueba los honorarios y costos de los abogados solicitados, cada** integrante de la subcategoría **B recibiría** aproximadamente **$69.09 por cada día de impacto de las aguas residuales.**

- La subcategoría de **Impacto Indirecto** de aguas residuales recibirá $5.15 por impacto indirecto de aguas residuales. No habrá deducciones de este número basadas en honorarios y costos, incluidos los costos de administración de la liquidación.

- Utilizando la información proporcionada anteriormente, el administrador de reclamos ha calculado el monto de pago que usted recibirá, cual se encuentra en la carta adjunta.

En la distribución de la segunda ronda: Si, después de 270 días (nueve meses), hay fondos no reclamados de la distribución de la primera ronda, los Fondos No reclamados se distribuirán prorrateados a los miembros de la subcategoría A y subcategoría B. No se deducirán honorarios o costos adicionales de abogados de la distribución de segunda ronda.

Los fondos restantes 270 días después de la distribución de la segunda ronda se asignarán al receptor de *cy pres*, servicios legales para presos con niños, una organización sin fines de lucro del Área de la Bahía.

## 1.5 ¿Cómo puedo obtener información sobre el acuerdo y sus beneficios?

Este notificación es un resumen del Acuerdo de Demanda Colectiva y sus beneficios. Los detalles completos del acuerdo propuesto están disponibles en línea en el Sitio Web del Acuerdo:

www.sanfranciscosewagelawsuit.com

## 1.6 ¿Quién es el juez a cargo de este caso?

El magistrado Joseph C. Spero, del Tribunal Distrital de los Estados Unidos para el Distrito Norte de California, está supervisando esta demanda colectiva. La demanda es conocida como *Candido Zayas, et al. v County of San Francisco Sheriff's Department*, caso No. 18 cv-06155 JCS.

## 1.7 ¿Cómo se les paga a los abogados?

El tribunal designó abogados para representar a los integrantes del grupo en este asunto. Estos abogados se denominan "abogados del grupo". Los abogados de la

demanda solicitarán honorarios y costos de abogados por un monto de $695.000, que comprende $660.000 en honorarios que se dividirán al 50% entre el estudio jurídico de Yolanda Huang y los estudios jurídicos de Stanley Goff y Fulvio F. Cajina. La Sra. Huang también solicita una adjudicación de 35.000 dólares por concepto de costos del litigio. Todos los honorarios y costos pagados a los abogados del grupo deberán aprobados por el tribunal.

Los costos de distribución de los fondos del acuerdo, como el envío de esta notificación y el envío de los cheques, también saldrán de los fondos del acuerdo. El importe total de los costos de administración de las reclamaciones es de 145.000 dólares.

Los abogados del grupo presentarán una petición ante el tribunal que contenga el importe definitivo de los honorarios de los abogados y los costos solicitados antes de que finalice el plazo para que los integrantes del grupo se opongan al acuerdo, que estará disponible en www.sanfranciscosewagelawsuit.com o, previo pago, a través del expediente judicial de este caso mediante el sistema de acceso público a los registros electrónicos del tribunal (PACER).

### 1.8 ¿Por qué esta demanda es una demanda colectiva?

- ¿Por qué esta demanda es una demanda colectiva?
- El tribunal decidió que esta demanda cumple con los requisitos de la regla federal de procedimiento civil 23, que rige las acciones colectivas en los tribunales federales. En concreto, el tribunal consideró que una demanda colectiva será más eficiente que tener muchas demandas individuales porque
- - Hay aproximadamente 2.592 miembros del grupo;
- Los integrantes de la demanda colectiva no presentaron individualmente sus propias demandas o demandas separadas;
- - Hay cuestiones legales y hechos compartidos por todos los demandantes;

- - Las demandas de los representantes de grupo son típicas de las demandas del resto de los integrantes de la demanda colectiva (exposición a las aguas residuales);
- - Los representantes del grupo y los abogados que representan al grupo representarán justa y adecuadamente los intereses del grupo; y
- - Las cuestiones jurídicas y los hechos comunes son más importantes que las cuestiones que afectan sólo a los individuos.

### 1.9 ¿Ha decidido el tribunal quién tiene razón?

El tribunal no ha decidido si los demandados o los demandantes tienen razón. Los demandantes y los demandados han negociado un acuerdo. El tribunal determinará si el acuerdo es justo, razonable y adecuado. El acuerdo les proporcionará beneficios a los integrantes del grupo y al público, y, si finalmente se aprueba, será una sentencia definitiva.

## 2   ¿QUIÉN ESTÁ EN EL ACUERDO DE CONCILIACIÓN?

### 2.1 ¿Formo parte de este acuerdo?

Si usted estaba encarcelado en el bloque de viviendas A, B, o C en el séptimo[7] de la calle Bryant 850 (cárcel del condado 4) entre el 3 de enero de 2017, y el 30 de septiembre de 2018, y fue afectado directa o indirectamente **por las aguas residuales tal como lo indican los** registros de la oficina del sheriff, usted puede formar parte del acuerdo de conciliación. El grupo de liquidación aparece como una de las tres subcategorías descritas anteriormente en la sección 1.4.

**Si no está seguro, comuníquese con Class Counsel (abogados de la demanda) en el 1-855-279-9150 O Sanfranciscosewagelawsuit@ gmail.com**

6

### 2.2   ¿Qué pasa si estaba en 850 Bryant pero no en el bloque de vivienda A,B, o C?

A continuación, no se incluye en esta liquidación de Demanda o caso.

### 2.3   ¿Y si estaba en 850 Bryant en los bloques de vivienda, A, B o C, pero no estaba allí cuando ocurrió la inundación de las aguas residuales?

Entonces usted no está incluido en este acuerdo de demanda o caso

### 2.4   ¿Cómo se decide quién está en la demanda y quién no está en la demanda?

El tribunal, el abogado de los demandantes y el abogado de los demandados han acordado que usaremos la lista de la cárcel de qué reclusos estaban en los bloques de vivienda A, B o C en 850 Bryant entre el 3 de enero de 2017 y el 30 de septiembre de 2018 y los registros de órdenes de trabajo de la cárcel que muestran cuándo se produjeron los desbordamientos de aguas residuales.

### 2.5   ¿Puedo impugnar la determinación de si estoy en la demanda?

El administrador de reclamaciones junto con en el abogado de la demanda es responsable de calcular qué reclusos integran la demanda y el monto del acuerdo adeudado a cada integrante de la demanda. Se revisaron los expedientes de vivienda de la oficina del sheriff para determinar quiénes eran los integrantes de la demanda y se compararon con los registros de las fechas, horarios y lugares de las inundaciones en la cárcel del condado 4.

Cualquier persona puede impugnar la determinación del administrador de reclamaciones en cuanto a si es un integrante de del grupo proporcionando una notificación por escrito al administrador de

reclamaciones por correo electrónico en Sanfranciscosewagelawsuit@gmail.como por correo postal al Greenfire Law, PC, 2001 Addison Street, Suite 300, Berkeley, CA, 94704 **a más tardar antes de 9 de julio del 2021**. La notificación debe incluir el nombre del recluso, la fecha de nacimiento, el número SF, y las fechas en que el individuo cree que estaba alojado en una celda en la cárcel 4 del condado que se vio afectada por una inundación de aguas residuales. A continuación, el administrador de reclamaciones revisará los registros de vivienda e inundaciones pertinentes proporcionados por la cárcel para confirmar si el individuo es integrante del grupo de la clase. La evaluación del administrador de reclamaciones a una impugnación escrita es una respuesta definitiva.

Si el administrador de reclamaciones determina que fue excluido de la demanda por error, los fondos que no se distribuirán en la primera ronda y se mantendrán en un fondo de reserva utilizado para realizar un pago en primera ronda en su nombre.

### 2.6   ¿Puedo impugnar la cantidad que tengo derecho a recibir mediante el acuerdo?

Una persona puede impugnar la determinación del administrador de reclamaciones con respecto a la cantidad a la que tiene derecho según el acuerdo. Si un integrante de la demanda cree que su distribución en la primera ronda es incorrecta, ya sea debido al número de días que experimentó la inundación, o porque fue designado incorrectamente como integrante de la subcategoría equivocada, puede oponerse por escrito al administrador de reclamaciones por correo electrónico en Sanfranciscosewagelawsuit@gmail.como por correo postal enviado al Greenfire Law, PC, 2001 Addison Street, Suite 300, Berkeley, CA, 94704 **a más tardar antes de 9 de julio del 2021**. La impugnación deberá incluir su nombre, fecha de nacimiento, número SF, y las fechas en que el individuo cree que estaba alojado en una celda en la cárcel del condado 4 que se vio afectada por la inundación de aguas residuales, y la

prueba de cualquier queja presentada. Posteriormente, el administrador de reclamaciones revisará los registros pertinentes para confirmar si el individuo forma parte de la demanda, y de ser así, a qué subcategoría pertenece y el número de días que se vio afectado por las aguas residuales. La evaluación del administrador de reclamaciones a una impugnación escrita es la respuesta definitiva y será dos semanas (2) después semanas de recibir la oposición.

# 3   LOS BENEFICIOS DEL ACUERDO—¿QUÉ PODRÍA RECIBIR?

### 3.1 ¿Qué proporciona el acuerdo en términos de dinero?

El acuerdo de conciliación requiere que los demandados paguen 2.1 millones de dólares, en los que se incluyen todos los honorarios y costos de los abogados, y que serán distribuidos según lo establecido en la Sección 1.4 de esta notificación.

El pago individual del acuerdo que usted reciba dependerá de la subclase a la que pertenezca y del número de días en que tuvo que hacer frente a filtraciones de aguas residuales en la cárcel del condado 4.

Los integrantes de la demanda tendrán 270 días (9 meses) para cobrar los cheques en efectivo proporcionados durante la primera ronda de distribución. Si después de 270 días hay fondos no reclamados de la distribución de la primera ronda, los fondos no reclamados se distribuirán pro rata a los integrantes de la subcategoría A y B en función del número de días de exposición a dichas aguas. Por ejemplo, si hubiera 10.000$ en fondos no reclamados de la distribución de la primera ronda, y hubiera cinco miembros de la subcategoría A que experimentaron cada uno dos

inundaciones y diez miembros de la subcategoría B que experimentaron cada uno dos inundaciones, cada miembro de la subcategoría A y B recibiría 333,33$ por cada día de inundaciones, es decir un total de 666,66$ a cada integrante de la demanda. No se deducirán los honorarios o costos de los abogados de la distribución de la segunda ronda. Después de 270 días, cualquier distribución perteneciente a la segunda ronda que no se haya reclamado se asignará al receptor de *cy pres*, servicios legales para presos con niños, una organización sin fines de lucro del Área de la Bahía .

# Mis opciones

**1. NO HAGA NADA/COMPARTA EL ACUERDO**: Sí no hace nada, se le enviará automáticamente un cheque si el tribunal da su aprobación final sobre el acuerdo.
**2. PIDA NO PARTICIPAR:** No recibirá dinero de este acuerdo. Mantendrá sus derechos. Puede demandar a los demandados por su cuenta por las mismas reclamaciones legales contenidas en esta demanda.
**3. SI SE OPONE AL ACUERDO:** Para a la conciliación la conciliación, deberá escribir al tribunal sobre por qué no le gusta el acuerdo.

## 3.2   Indemnización.

La Ley del estado de California, Código penal § 2805(a) requiere que la ciudad y el condado de San Francisco deduzcan la indemnización de ciertos acuerdos. La unidad de servicios de indemnizaciones de la Oficina de derechos y servicios a las víctimas y supervivientes determinará si le pertenece algún tipo de indemnización que la ciudad esté obligada a pagar. Cualquier indemnización que le pertenezca se deducirá del total de lo que le corresponda de la demanda.

8

Si se deduce cualquier monto relativo a la indemnización del cheque del acuerdo de conciliación, el administrador de reclamaciones le notificará el monto del acuerdo que se puso en su orden de indemnización.

## 4   ¿QUÉ OPCIONES TENGO?

### 4.1 ¿Qué pasa si no hago nada?

Si no hace nada, sus derechos se verán afectados. Se le enviará un cheque por correo y estará sujeto a los términos del acuerdo. Aceptará quedar exento de presentar cualquier reclamo contenido en el acuerdo de conciliación.  Esa versión establece:

*"13. Los integrantes de la demanda,* A TÍTULO ONEROSO, por la cantidad de 2.100.000$ (dos millones cien mil 00/100 dólares) (la "CANTIDAD DEL ACUERDO"), cantidad suficiente que se admite y reconoce a los demandantes y a los integrantes, de forma individual y en representación de sus herederos, socios domésticos, albaceas, administradores y cesionarios, si los hubiere (en lo sucesivo denominados individual y colectivamente como "LOS LIBERADORES"), por la presente acuerdan liberar y eximir completamente a la Ciudad y el Condado de San Francisco, junto con sus electos y/o juntas de nombramiento, agentes, servidores, empleados, consultores, departamentos, comisionados y funcionarios (en adelante, individual y colectivamente como "SAN FRANCISCO"), de todos y cada uno de los reclamos, acciones, causas de acción, responsabilidades, daños, demandas, honorarios de abogados, gastos y costos (incluidos, entre otros, los costos judiciales) de cualquier tipo o naturaleza, ya sean conocidos o desconocidos, sospechosos o insospechados, que hayan existido o puedan haber existido, o que existen, o que en lo sucesivo existirán o puedan

existir, y que (1) se alegan o exponen o intentan exponerse en los alegatos archivados en que ciertas acciones consolidadas tituladas "Johnson et al. vs. ciudad y condado de San Francisco, et al." siendo la Acción No. 18-cv-04890 JCS, "Zayas et al. vs. ciudad y condado de San Francisco, et al." siendo la acción No. 18-cv-6155 JCS, y "Taylor contra la ciudad y condado de San Francisco, et al.", caso del USDC No. 18-cv-4857 JSC en los registros del Tribunal de Distrito de los Estados Unidos para el Distrito norte de California (en lo sucesivo denominado colectivamente la "DEMANDA"), o (2) surgen o están de alguna manera relacionados con cualquiera de las transacciones, sucesos o actos u omisiones establecidos o alegados en cualquiera de los alegatos de la demanda (en lo sucesivo denominados colectivamente los "RECLAMOS"). Los liberadores manifiestan y garantizan que no han asignado o transferido, o acordado ceder o transferir, o intentar ceder o transferir, a cualquier tercero o entidad (incluyendo, entre otros, cualquier asegurador) ningún interés en cualquiera de los RECLAMOS.   Los liberadores acuerdan defender, indemnizar y mantener indemne a SAN FRANCISCO contra cualquier pérdida, gasto o responsabilidad; incluidos, entre otros, los honorarios razonables de abogados, que surjan de cualquier incumplimiento de lo anterior. Además, en el caso de que SAN FRANCISCO observara que los liberadores han quebrantado esta garantía, SAN FRANCISCO puede, a su exclusivo criterio, optar por rescindir esta renuncia de forma completa y final, en cuyo caso los LIBERADORES remitirán inmediatamente a SAN FRANCISCO el MONTO DEL ACUERDO, más intereses devengándose sobre el mismo a razón del diez por ciento anual, compuesto mensualmente, a partir de la fecha de pago del mismo. Los LIBERADORES declaran y garantizan que (a) no hay gravámenes, incluidos, entre otros, reembolsos médicos,

gravámenes de compensación por desempleo o discapacidad, pero excluyendo los requisitos de indemnización existentes que puedan adjuntarse al MONTO DEL ACUERDO o cualquier recuperación pagada a los LIBERADORES de conformidad con la DEMANDA, o (b) en la medida en que existan tales gravámenes, los LIBERADORES pagarán y retirarán todos los gravámenes de la CANTIDAD DEL ACUERDO. Los LIBERADORES acuerdan defender, indemnizar y mantener indemne a SAN FRANCISCO ante cualquier reclamo de cualquier persona o entidad que pretenda aplicar derecho de retención, interés u otra reclamo, ya sea por atención médica, compensación por desempleo y/o discapacidad, honorarios de abogados o de lo contrario, que involucren a los LIBERADORES y que surjan en relación con cualquiera de los RECLAMOS. Al llegar a un acuerdo con respecto a los RECLAMOS resultantes de la formalización de esta EXENCIÓN, los LIBERADORES y SAN FRANCISCO consideran y buscan proteger los intereses de los Centros de Servicios de Medicare y Medicaid ("CMS"), la agencia federal que administra Medicare. Los LIBERADORES acuerdan que la atención médica recibida por cualquier lesión física reclamada por los demandantes en este caso fue proporcionada por el Sistema médico de la cárcel de la ciudad y el condado de San Francisco a cargo de la ciudad y, por lo tanto, no está sujeta a los procedimientos de reembolso de Medicare. Los LIBERADORES y los abogados de los LIBERADORES acuerdan defender, indemnizar y eximir de responsabilidad a SAN FRANCISCO contra todos y cada uno de los reclamos que surjan o estén relacionadas con los términos de este párrafo, incluidos, entre otros, los reclamos del CMS. Los LIBERADORES y el ABOGADO PARA LOS LIBERADORES acuerdan además indemnizar y mantener indemne para siempre a la ciudad de SAN

FRANCISCO y sus abogados de cualquier pérdida, responsabilidad o reclamo de cualquier tipo, pasado o presente, o reclamos por atención futura, que surjan de la DEMANDA y ocasionados por cualquier gravamen, derecho u obligación de cualquier carácter, incluidos, entre otros, los creados por los estatutos federales o estatales para gravámenes que surjan bajo Medicare. Los LIBERADORES certifican que han leído la Sección 1542 del Código civil de California, que establece:

LA RENUNCIA GENERAL NO APLICA A RECLAMOS QUE EL ACREEDOR O LA PARTE EXENTA NO CONOCEN O SOSPECHAN QUE EXISTE EN SU FAVOR O EN EL MOMENTO EN EL QUE TIENE LUGAR LA RENUNCIA Y, EN CASO DE QUE ÉSTA SE CONOCIERA, HABRÍA AFECTADO MATERIALMENTE AL ACUERDO CON EL DEUDOR O LA PARTE RENUNCIANTE.

Las partes acuerdan que tras la aprobación final del acuerdo de conciliación por parte del Tribunal, los LIBERADORES renuncian a la aplicación de la Sección 1542 del Código Civil. Los LIBERADORES entienden y reconocen que, como consecuencia de dicha renuncia, según la Sección 1542, incluso aunque los integrantes de la demanda pudieran sufrir pérdidas, daños o lesiones adicionales que surjan o estén relacionados de alguna manera con cualquiera de los eventos que dieron lugar a los reclamos, dichos integrantes de la demanda no podrán presentar más reclamos contra los demandados para recuperar dicha pérdida, daños o lesiones. Los LIBERADORES reconocen que así será incluso en lo que respecta a las reclamos por lesiones personales o daños a la propiedad que puedan existir a fecha de lo acordado en el acuerdo de conciliación, pero que los representantes de dicha demanda no conocen. Si conocieran dichos reclamos, esto afectaría materialmente a la decisión de los representantes de la demanda para

10

llevar a cabo el acuerdo de conciliación, más allá de si la falta de conocimiento por parte de los representantes del grupo de la demanda es resultado de ignorancia, descuido, error, negligencia o cualquier otra causa.

Los LIBERADORES reconocen que, al llevar a cabo el acuerdo de conciliación, están actuando según su propio juicio con información de sus asesores legales. Los LIBERADORES reconocen haber leído el acuerdo de conciliación y haber tenido la oportunidad de que los abogados les informaran de su significado y efecto. Los LIBERADORES reconocen y garantizan que llevan a cabo el acuerdo de conciliación de forma gratuita y voluntaria. Los LIBERADORES declaran y garantizan además que, en el momento en que firmaron el acuerdo de conciliación no se encontraban en el período del primer confinamiento físico, ya sea como paciente interno o ambulatorio, en una clínica o centro de salud (como se define en las Secciones 1203 y 1250 de la Código de salud y seguridad) como resultado de la lesión que supuestamente dio lugar a cualquiera de los reclamos en cuestión en este litigio y que, como resultado, la sección 6152 (b) del Código de negocios y profesiones no se puede utilizar para invalidar el acuerdo de conciliación.

### 4.2 ¿Cómo salgo del acuerdo?

Para desentenderse del acuerdo, tiene que enviar el "FORMULARIO DE SOLICITUD DE EXCLUSIÓN (OPT OUT)" que forma parte de esta notificación. Asegúrese de incluir su nombre y dirección y de firmar el documento (las firmas electrónicas y en Docusign no son válidas).

El formulario de exclusión se puede encontrar en la página 14 de este documento y también está disponible en:

**Sanfranciscosewagelawsuit@ gmail.com**

Debe enviar por correo su solicitud de

exclusión sellada en correos antes de **9 de agosto, 2021**, a:

**Greenfire Law, PC
2001 Addison St., Suite 300
Berkeley, CA 94704**

### 4.3 ¿Tengo un abogado en el caso?

Sí. El tribunal ha nombrado a Yolanda Huang, Stanley Goff y Fulvio Cajina como abogados para representar a todos los integrantes de la demanda designados como "abogados de la demanda". Yolanda Huang ha sido nombrada abogada principal de la demanda. No se le cobrará por ponerse en contacto con ella. Puede ponerse en contacto con ella si tiene alguna duda:

**Sanfranciscosewagelawsuit@ gmail.com o**

**1-855-279-9150.**

### 4.4 ¿Qué debo hacer para obtener los beneficios del acuerdo?

Si se determina que es integrante de la demanda, recibirá un cheque a la misma dirección donde recibió esta notificación y no necesita hacer nada.

Si desea recibir un pago directo a una dirección diferente a la utilizada para enviar la notificación, debe rellenar y entregar el formulario titulado "INSTRUCCIONES ESPECIALES SOBRE EL COBRO DEL CHEQUE", que forma parte de esta notificación. La fecha límite para entregar este formulario es **9 de agosto, 2021**

### 4.5 ¿Cómo le informo al tribunal si no me gusta el acuerdo?

Si no se desentiende de la demanda colectiva, todavía tiene la opción de objetar u oponerse. El tribunal considerará sus puntos de vista cuando decida si aprueba o no el acuerdo. Ha de

entender que el tribunal sólo puede aprobar o rechazar el acuerdo. Si el tribunal no lo aprobara, no se enviarán pagos de liquidación y la demanda continuará. No puede pedir al tribunal de justicia que pida un acuerdo diferente.

Cualquier objeción al acuerdo propuesto deberá presentarse por escrito. Si presenta una objeción por escrito, deberá, pero no está obligado a hacerlo, comparecer en la audiencia final de aprobación, ya sea en persona o a través de su propio abogado. Si usted comparece a través de su abogado, será responsable de contratar y pagar dicho abogado. Todas las objeciones escritas y documentos justificativos deberán (a) identificar claramente el nombre y el número del caso: *Zayas, et al. v. Departamento del Sheriff de San Francisco, et al.*, Caso Número 3:18 CV-06155 JCS), (b) enviarse al tribunal a la dirección de correo postal:

**The Class Action Clerk,
United States District Court for the Northern District of California,
450 Golden Gate Avenue, piso 16
San Francisco, CA 94102.**

Debe presentar o enviar por correo su objeción antes **del 9 de agosto, 2021** (si se envía por correo, su objeción debe estar sellada antes de esta fecha):

Además, si lo desea, también puede hablar en la audiencia final de aprobación (la "audiencia de imparcialidad"). Debe enviar una carta indicando que es su "Aviso de Intención de Comparecer en la Audiencia de Equidad en *Zayas, et al. v. Departamento del Sheriff de San Francisco, et al.*, Caso No:3:18-CV-06155 JCS." Asegúrese de incluir su nombre, dirección, número de teléfono y su firma.

Su "Notificación de intención de comparecer" debe estar matasellada a más tardar **9 de agosto, 2021**, y ha de enviarse al secretario del Tribunal **y** al

administrador de reclamos (dirección en la primera página de esta notificación).

### 4.6 ¿Tengo que ir al tribunal?

No. El tribunal celebrará una audiencia de imparcialidad el **3 de septiembre, 2021** para decidir si aprueba el acuerdo. Puede asistir y puede pedir la palabra, pero no es obligatorio.

Si presenta o envía por correo una objeción no es necesario que vaya al tribunal para hablar sobre ello. Siempre que envíe su objeción por escrito a tiempo, el tribunal lo tendrá en consideración. También puede pagarle a su abogado para que acuda a la audiencia.

## 5   PARA OBTENER MÁS INFORMACIÓN

Tiene varias opciones para obtener más información.

Visite la página web: www.sanfranciscosewagelawsuit.com donde encontrará el acuerdo propuesto y otros documentos relevantes sobre el caso.

También puede comunicarse con la abogada principal, Yolanda Huang, por teléfono (855-279-9150) o por correo electrónico a (Sanfranciscosewagelawsuit@gmail.com). Todos los documentos presentados en este caso también están disponibles pagando **en la página web del tribunal**, www.pacer.gov.

### FECHA FINAL DE AUDIENCIA SUJETA A CAMBIOS

12

**NO SE PONGA EN CONTACTO CON LA CIUDAD Y EL CONDADO DE SAN FRANCISCO o EL DEPARTAMENTO DEL SHERIFF DE SAN FRANCISCO DICHOS DEPARTAMENTOS NO TIENEN NADA QUE VER CON EL ACUERDO. NO ACEPTAN FORMULARIOS DE RECLAMO NI RESPONDEN A PREGUNTAS SOBRE LA DEMANDA O EL ACUERDO.**

La audiencia final podrá ser aplazada sin previo aviso. Compruebe PACER o consulte con el abogado de la demanda si tiene la intención de comparecer en la audiencia final.

**Si conoce a alguien que haya estado en 850 Bryant desde el 3 de enero del 2017 hasta el 30 de septiembre del 2019, infórmele que existe esta demanda y dígale que se puede poner en contacto con nosotros.**

13

# FORMULARIO DE SOLICITUD DE EXCLUSIÓN (OPT OUT)

*Zayas, et al v. Departamento del Sheriff de San Francisco, et al.*
Tribunal distrital.UU. para el Distrito Norte de California, Caso No. 18-cv-06155 JCS

Rellene y entregue este formulario solamente si desea desentenderse de este caso (opt out). Si no quiere participar en la demanda, debe rellenar este formulario de solicitud de exclusión y enviarlo por correo, con su firma original y sellado, a más tardar el **9 de agosto, 2021**, a:

**Greenfire Law, PC**
**2001 Addison St., Suite 300**
**Berkeley, CA 94704**

Por favor, escriba de forma legible:

Nombre_____Fecha_____, 2021

Dirección_____

Ciudad _____ Estado _____ Código Postal_____

Teléfono_____ Email_____

Por la presente certifico que me considero integrante de la demanda.

Aún con ello, quiero desentenderme de dicha demanda. Entiendo que no recibiré ningún cheque relacionado con este acuerdo como resultado de mi decisión de desentenderme del tema.


Firma del integrante de la demanda _____


**Firme este formulario con un bolígrafo y envíe el original. Las firmas electrónicas y en Docusign no serán válidas.**

# FECHA LÍMITE DE SELLADO:

## [9 de agosto, 2021]

14

# INSTRUCCIONES ESPECIALES SOBRE EL COBRO DEL CHEQUE

*Zayas, et al v. Departamento del Sheriff de San Francisco, et al.*

Tribunal de Distrito de EE.UU. para el distrito norte de California, Caso No. 18-cv-06155 JCS

Si desea que su cheque se entregue a otra persona, o a una dirección diferente a aquella en la que recibió esta notificación, rellene este formulario y entréguelo usando cualquiera de los siguientes métodos:

- Correo: Greenfire Law, PC, 2001 Addison Street, Suite 300, Berkeley, CA 94704
- Fax: (510) 900-9502
- Correo electrónico: sanfranciscosewagelawsuit@gmail.com

## DEBERÁN PRESENTARSE LAS INSTRUCCIONES ESPECIALES DE COBRO UNA VEZ COMPLETADAS Y FIRMADAS BAJO PENA DE PERJURIO ANTES DE LA **FECHA LÍMITE**: 9 de agosto 2021

Nombre_____ Apellidos_____

Fecha de nacimiento _____

Dirección: _____

Ciudad_____ Estado_____ Código postal _____

Correo electrónico: _____

Teléfono: durante el día_____ durante la noche_____

Instrucciones especiales: _____

Declaro bajo pena de perjurio según las leyes del Estado de California y los Estados Unidos que fui encarcelado en el 850 de Bryant Street, en los blosuqes de viviendas A, B o C, en el período comprendido entre enero del 2017 y el 30 de septiembrede del 2018, y sufrí las consecuencias de las inundaciones de aguas residuales. Las declaraciones anteriores son verdaderas y correctas.

Firmado en la ciudad de_____, Estado de_____

A (fecha)_____ , 2021

Firma: _____

Firme este formulario con un **bolígrafo** y envíe el original. Las firmas electrónicas y con Docusign no serán válidas.

# 850 Bryant
# County Jail 4
# Sewage Class Action

# COURT-AUTHORIZED
# SETTLEMENT
# COMMUNICATION

# DEADLINE FOR OBJECTION
# AND OPT OUT:
# August 9, 2021

# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

## *Candido Zayas et al. v. San Francisco Sheriff's Department et al.*

## Case No.: 3:18-CV-06155 JCS

> **A court authorized this notice. This is not a solicitation from a lawyer.**

You are receiving this notice because you have been identified as a probable class member in this case, which involves sewage exposure in Housing Blocks A, B, or C of San Francisco County Jail 4, located at 850 Bryant Street, between January 3, 2017 and September 30, 2018. If you are in fact a class member, then you are entitled to money to compensate you for sewage overflows that impacted you during time spent in the Jail.

## **Your legal rights are affected whether you act in response to this notice or not. Strict deadlines apply.**

This notice summarizes the proposed settlement of this case. For the precise terms and conditions of the settlement, please visit www.sanfranciscosewagelawsuit.com or you may contact the class administrator by email, telephone, or U.S. Mail.

You can also access the court docket for this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system.

### For More Information:

Case Website:
**www.sanfranciscosewagelawsuit.com**

Case Email:
**Sanfranciscosewagelawsuit@gmail.com**

Telephone:
**1-855-279-9150**

U.S. Mail:
**Greenfire Law, PC
2001 Addison St., Suite 300
Berkeley, CA 94704**

FAX:
**(510) 900-9502**

PACER:
**https://ecf.cand.uscourts.gov**

Courthouse:
**Philip Burton Federal Building
450 Golden Gate Avenue, 16th floor
San Francisco, CA 94102**

2

# FREQUENTY ASKED QUESTIONS

### Contents

| | | |
|---|---|---|
| 1 | BASIC INFORMATION | 4 |
| 1.1 | Why did I get this notice? | 4 |
| 1.2 | What is this lawsuit about? | 4 |
| 1.3 | What is a class action, and who is involved? | 4 |
| 1.4 | How much will each class member receive? | 4 |
| 1.5 | How can I obtain information about the settlement and its benefits? | 5 |
| 1.6 | Who is the Judge in charge of this case? | 5 |
| 1.7 | How are the attorneys being paid? | 5 |
| 1.8 | Why is this lawsuit a class action? | 5 |
| 1.9 | Has the Court decided who is right? | 6 |
| 2 | WHO IS IN THE SETTLEMENT? | 6 |
| 2.1 | Am I part of this Settlement? | 6 |
| 2.2 | What if I was at 850 Bryant but not in Housing Blocks A, B, or C? | 6 |
| 2.3 | What if I was at 850 Bryant and in Housing Blocks, A, B, or C, but wasn't there when the sewage spilled? | 6 |
| 2.4 | How is it decided who is in the Class and who is not in the Class? | 6 |
| 2.5 | Can I challenge the determination of whether I am in the Class? | 6 |
| 2.6 | Can I challenge the amount I am entitled to receive from the settlement? | 7 |
| 3 | THE SETTLEMENT BENEFITS--WHAT WILL I GET? | 7 |
| 3.1 | What does the Settlement provide in terms of money? | 7 |
| 3.2 | Restitution. | 8 |
| 4 | WHAT ARE MY OPTIONS? | 8 |
| 4.1 | What happens if I do nothing? | 8 |
| 4.2 | How do I get out of the Settlement? | 10 |
| 4.3 | Do I have a Lawyer in the case? | 10 |
| 4.4 | What must I do to obtain the benefits from the Settlement? | 10 |
| 4.5 | How do I tell the Court if I do not like the Class Action Settlement? | 10 |
| 4.6 | Do I have to come to court? | 11 |
| 5 | GETTING MORE INFORMATION | 11 |
| | OPT OUT(EXCLUSION) REQUEST FORM | 12 |
| | SPECIAL HANDLING INSTRUCTIONS FOR YOUR CHECK | 13 |

# 1   BASIC INFORMATION

## 1.1   Why did I get this notice?

You got this notice because you were identified in the San Francisco County Sheriff's Office records as having been incarcerated in County Jail 4 in Housing Blocks A, B, or C between January 3, 2017, and September 30, 2018. Records also indicate that you were subjected to direct or indirect sewage overflow on one or more days during that period. The purpose of this notice is to inform you that:

1.  The Court has allowed, or "certified," a class-action lawsuit that could affect you. You have legal rights and options that you may exercise before the Court issues a final judgment in the case.

**AND**

2.  A settlement negotiated by the Plaintiffs and Defendants has been preliminarily approved by the Court. You have the right to choose to take the compensation that is part of the settlement, object to the settlement terms, or to ask to be excluded from the case before the Court gives final approval. You must make your choice before **August 9, 2021** or you will automatically be included in the settlement if you are a class member.

## 1.2   What is this lawsuit about?

This lawsuit seeks to compensate people who were exposed to sewage overflows at County Jail 4 in Housing Blocks A, B, or C between January 3, 2017, and September 30, 2018. The Plaintiffs in this case claim that the sewage overflows violated their Constitutional rights under the Eighth and/or Fourteenth Amendments.

## 1.3   What is a class action, and who is involved?

In a class-action lawsuit, one or more people called "Class Representatives" (in this case Candido Zayas, Ruben Soto, Alfredo Ruiz, Jose Poot, Milton LeClaire, Roger Dominguez, Michael Brown and Matthew Brugman) sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." The individuals who filed the lawsuit—and all the Class Members—are called the Plaintiffs. The people or entities the Class Members sue are called the Defendants. The Defendants in this case are the San Francisco County Sheriff's Department, the City and County of San Francisco, former San Francisco Sheriff Vicki Hennessey; former Under-Sheriff Mathew Freeman; Chief Deputy Sheriff Paul Miyamoto; Captain Jason Jackson, and former Sergeant Dolly. One court resolves the issues for everyone in the Class.

## 1.4   How much will each class member receive?

The proposed settlement will be distributed amongst three sub-classes. Those who had direct sewage impacts will receive two distributions. Your individual payment will depend on the sub-classes you belong to and the number of days you experienced a sewage event at County Jail 4 as recorded by the Sheriff's Office records. Payments will be made only if the court grants final approval of the settlement. There will be deductions for attorneys' fees, costs, claims administration and restitution. **The attached letter includes an approximation of the amount you may be entitled to recover as part of the settlement.**

In the first-round distribution:

*   The Sub-Class A: **Direct Sewage Impact & Filed a Grievance** will receive approximately $1.1 million for the class. Fifty percent (50%) of the total attorneys' fees and costs, and claims administration costs will be allocated to Sub-Class A. The amount of the attorneys' fees and costs deducted from each Sub-Class A Class Member for each day of sewage impact will be calculated equally across the sub-class. The Court has not yet approved the requested attorneys' fees and costs in this case. **However, should the Court approve the requested attorneys' fees and costs, each Sub-Class A member would receive an estimated $316.81 for each day of sewage impact.**

4

- The Sub-Class B: **Direct Sewage Impact & No Grievance** will receive $901,600 for the class. Fifty percent (50%) of the total attorneys' fees and costs, and claims administration costs will be allocated to Sub-Class B. The amount of the attorneys' fees and costs deducted from each Sub-Class B Class Member for each day of sewage impact will be calculated equally across the sub-class. The Court has not yet approved the requested attorneys' fees and costs in this case. **However, should the Court approve the requested attorneys' fees and costs, each Sub-Class B member would receive an estimated $69.09 for each day of sewage impact.**

- The Sub-Class of **Indirect Sewage Impact** will receive $5.15 per occurrence of indirect sewage impact. There are no deductions from this number based on fees and costs including costs for administering the settlement.

- <u>**Using the information provided above, the claims administrator has estimated the payment amount you will receive in your first-round distribution check, which is set forth in the letter that accompanies this Notice.**</u>

In the <u>second-round distribution</u>: If, after 270 days (nine months), there are unclaimed funds from the first-round distribution, any Unclaimed Funds will be distributed pro-rata to members of Sub-Class A and Sub-Class B. No additional attorneys' fees or costs will be deducted from the second-round distribution.

Any funds remaining 270 days after the second-round distribution will be allocated to the cy pres recipient, Legal Services for Prisoners With Children, a Bay Area non-profit.

## 1.5   How can I obtain information about the settlement and its benefits?

This Notice is a summary of the Class Action Agreement and its benefits. The full details of the proposed settlement are available online at the Settlement Website:

www.sanfranciscosewagelawsuit.com

## 1.6   Who is the Judge in charge of this case?

Magistrate Judge Joseph C. Spero of the United States District Court for the Northern District of California is overseeing this class action. The lawsuit is known as *Candido Zayas, et al. v County of San Francisco Sheriff's Department*, case No. 18-cv-06155 JCS.

## 1.7   How are the attorneys being paid?

The Court appointed attorneys to represent the Class Members in this matter. These attorneys are referred to as "Class Counsel." Class Counsel will request attorney's fees and costs in the amount of $695,000, which comprises $660,000 in fees to be split on a 50/50 basis between the Law Office of Yolanda Huang and the Law Offices of Stanley Goff and Fulvio F. Cajina. Ms. Huang is also requesting an award of $35,000 for litigation costs. Any fees and costs paid to Class Counsel must be approved by the Court.

The costs of distributing the settlement funds—like sending this notice, mailing the checks--will come out of the settlement funds as well. The total amount of claims administration costs is $145,000.

Class Counsel will file a motion with the Court containing the ultimate amount of attorneys' fees and costs requested before the deadline for Class Members to object to the settlement, which will be made available at www.sanfranciscosewagelawsuit.com or, for a fee, through the court docket for this case through the Court's Public Access to Court Electronic Records (PACER) system.

## 1.8   Why is this lawsuit a class action?

The Court decided that this lawsuit meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal court. Specifically, the Court found that this class action will be more efficient than having many individual lawsuits

because:

- There are approximately 2,592 class members;
- Class members did not individually file their own or separate lawsuits;
- There are legal questions and facts shared by all of the Plaintiffs;
- The Class Representatives' claims are typical of the claims of the rest of the class members (exposure to sewage);
- The Class Representatives and the lawyers representing the Class will fairly and adequately represent the Class interests; and
- The common legal questions and facts are more important than questions that affect only individuals.

## 1.9  Has the Court decided who is right?

The Court has not decided whether the Defendants or the Plaintiffs are correct. The Plaintiffs and the Defendants have negotiated a settlement. The Court will determine whether the Settlement is fair, reasonable, and adequate. The Settlement provides benefits to the Class Members and the public, and, if finally approved, will take the form of a final judgment.

# 2  WHO IS IN THE SETTLEMENT?

## 2.1  Am I part of this Settlement?

If you were incarcerated in Housing Blocks A, B, or C on the 7th floor of 850 Bryant Street (County Jail 4) between January 3, 2017, and September 30, 2018, **and** had direct **OR** indirect sewage impacts as reflected in the Sheriff's Office records, you can be part of the settlement.  The settlement class as three sub-classes described above in Section 1.4.

**If you are not sure, contact Class Counsel at**
**1-855-279-9150**
**or**
**Sanfranciscosewagelawsuit@ gmail.com**

## 2.2  What if I was at 850 Bryant but not in Housing Blocks A, B, or C?

Then you are not included in this class settlement or case.

## 2.3  What if I was at 850 Bryant and in Housing Blocks, A, B, or C, but wasn't there when the sewage spilled?

Then you are not included in this class settlement or case

## 2.4  How is it decided who is in the Class and who is not in the Class?

The Court, Class Counsel, and Counsel for the Defendants have agreed that we will use the Jail's list of which inmates were in Housing Blocks A, B, or C in 850 Bryant between January 3, 2017, and September 30, 2018 and the Jail's work-order records showing when sewage overflows occurred.

## 2.5  Can I challenge the determination of whether I am in the Class?

The Claims Administrator in coordination with Class Counsel is responsible for calculating which inmates are Class Members and the settlement amount owed to each Class Member. Class Members were identified by reviewing the Sheriff's Office housing records and comparing those to records of the dates, times, and locations of floods in County Jail 4.

Any individual may challenge the Claims Administrator's determination as to whether he is a Class Member by providing written notice to the Claims Administrator via email at Sanfranciscosewagelawsuit@gmail.com or via U.S. Mail delivered to Greenfire Law, PC, 2001 Addison Street, Suite 300, Berkeley, California, 94704 **by no later than July 9, 2021.** The challenge should include the inmate's name, date of birth, SF Number, and the dates the individual believes he was housed in a cell at County Jail 4 that was impacted by a sewage flood. The Claims Administrator will then re-

6

review the relevant housing and flood records provided by the Jail to confirm whether the individual is a Class Member. The Claims Administrator's assessment in response to a written challenge is final.

If the Claims Administrator determines that you were excluded from the class in error, any funds that are not distributed during the first-round distribution will be held in a reserve fund used to make a first-round payment on your behalf.

### 2.6   Can I challenge the amount I am entitled to receive from the settlement?

An individual may challenge the Claims Administrator's determination regarding the amount to which he is entitled from the Settlement. If a Class Member believes that his first-round distribution is incorrect, either because of the number of days he experienced a flooding event, or because he was incorrectly designated as a member of the wrong Sub-Class, he can provide a written challenge to the Claims Administrator via email at Sanfranciscosewagelawsuit@gmail.com or via U.S. Mail delivered to Greenfire Law, PC, 2001 Addison Street, Suite 300, Berkeley, California, 94704 **by no later than July 9, 2021.** The challenge should include his name, date of birth, SF number, and the dates the individual believes he was housed in a cell at County Jail 4 that was impacted by a sewage flood, and proof of any grievances filed. The Claims Administrator will then review the relevant records to confirm whether the individual is a Class Member, and if so, to which Sub-Class he belongs and the number of days he was impacted by sewage. The Claims Administrator's will respond to any such challenge withing two (2) weeks from the date of receipt. The Claims Administrator's response to a written challenge is final.

## 3   THE SETTLEMENT BENEFITS—WHAT WILL I GET?

### 3.1   What does the Settlement provide in terms of money?

The Settlement Agreement requires the Defendants to pay $2.1 million, which includes all attorney's fees and costs, and which will be distributed as set out in Section 1.4 of this Notice.

 Your individual payout from the settlement will depend on which subclass you belong to and the number of days you experienced a sewage event at County Jail 4.

Class members will have 270 days (9 months) to cash checks provided during the first-round of distributions. If, after 270 days, there are unclaimed funds from the first-round distribution, any unclaimed funds will be distributed pro rata to members of Sub-Class A and Sub-Class B based on their number of days of exposure. *For example,* if there were $10,000 in unclaimed funds from the first round distribution, and there were five members of Sub-Class A who each experienced two flooding events and ten members of Sub-Class B who each experienced two flooding events, each member of Sub-Class A and B would receive $333.33 for each day of flooding, for a total of $666.66 to each Class Member. No attorneys' fees or costs will be deducted from the second-round distribution. After 270 days, any unclaimed second-round distributions will be allocated to the cy pres recipient, Legal Services for Prisoners With Children, a Bay Area non-profit.

7

### 3.2   Restitution.

California State Law, Penal Code § 2805(a) requires the City and County of San Francisco to deduct restitution from certain settlements. The Office of Victim and Survivor Rights and Services Restitution Services Unit will determine whether you own any restitution that the City is obligated to pay. Any restitution you owe will be deducted from your settlement award.

If any restitution amount is deducted from your settlement check, the Claims Administrator will provide you notice of the amount of the settlement that was put toward your restitution order.

### 4   WHAT ARE MY OPTIONS?

### 4.1   What happens if I do nothing?

If you do nothing, your rights will be affected. You will be mailed a check and be bound by the terms of the Settlement. You will be agreeing to a release of the claims contained in the Settlement Agreement. That release states:

> *"Class Members including Class* FOR GOOD AND VALUABLE CONSIDERATION, in the amount of $2,100,000 (two million on hundred thousand and 00/100 Dollars) (the "SETTLEMENT AMOUNT"), the sufficiency of which is hereby admitted and acknowledged, plaintiffs and class members, individually and on behalf of their heirs, domestic partners, executors, administrators, and assigns, if any (hereinafter referred to individually and collectively as "RELEASORS"), hereby agree to fully and forever release and discharge the City and County of San Francisco, together with its elective

---

# My Options

1.  **DO NOTHING/SHARE IN THE SETTLEMENT:** If you do nothing, a check will be automatically mailed to you if the Court gives its final approval of the settlement.

2.  **ASK TO OPT OUT:** You will not receive money as part of this settlement. You will keep your rights. You can sue the Defendants separately about the same legal claims contained in this lawsuit.

3.  **OBJECT TO THE SETTLEMENT:** To object to the settlement, you must write to the Court about why you do not like the settlement.

---

and/or appointive boards, agents, servants, employees, consultants, departments, commissioners, and officers (hereinafter referred to individually and collectively as "SAN FRANCISCO"), from any and all claims, actions, causes of action, liabilities, damages, demands, attorneys' fees, expenses and costs (including without limitation court costs) of any kind or nature whatsoever, whether known or unknown, suspected or unsuspected, which have existed or may have existed, or which do exist, or which hereafter shall or may exist, and which (1) are alleged or set forth or attempted to be set forth in the pleadings on file in that certain consolidated actions entitled "Johnson et al. vs. City and County of San Francisco, et al." being Action No. 18-cv-04890 JCS, "Zayas et al. vs. City and County of San Francisco, et al." being Action No. 18-cv-6155 JCS, and "Taylor v. City and County of San Francisco, et al.," U.S.D.C. Case No. 18-cv-4857 JSC on the records of the United States District Court for the Northern District of California (hereinafter referred to collectively as the "ACTION"), or (2) arise out of or are in any way related to any of the transactions, occurrences, acts or omissions set forth or alleged in any of the pleadings in the Action (hereinafter referred to collectively as the "CLAIMS"). RELEASORS represent and warrant that they have not assigned or transferred, or agreed to assign or transfer, or attempted to assign or transfer, to any third party or entity (including without limitation any insurer) any interest in any of the

8

CLAIMS. RELEASORS agree to defend, indemnify and hold harmless SAN FRANCISCO against any loss, expense or liability, including without limitation reasonable attorneys' fees, arising from any breach of the foregoing. Furthermore, in the event that SAN FRANCISCO learns that RELEASORS have breached this warranty, SAN FRANCISCO may, at its sole option, elect to rescind this Full and Final Release, in which case RELEASORS shall immediately remit to SAN FRANCISCO the SETTLEMENT AMOUNT, plus interest accruing thereon at a rate of ten percent per year, compounded monthly, from the date of payment thereof. RELEASORS represent and warrant that either (a) there are no liens, including without limitation any medical reimbursement, unemployment or disability compensation liens, but excluding restitution requirements, in existence which may attach to the SETTLEMENT AMOUNT or to any recovery paid to RELEASORS pursuant to the ACTION, or (b) to the extent there are any such liens, RELEASORS will pay and retire all such liens out of the SETTLEMENT AMOUNT. RELEASORS agree to defend, indemnify and hold harmless SAN FRANCISCO against any and all claims by any person or entity purporting to hold any lien, interest, or other claim, whether for medical care, unemployment and/or disability compensation, attorneys' fees, or otherwise, involving RELEASORS and arising in connection with any of the CLAIMS. In reaching a settlement of the CLAIMS resulting in the execution of this RELEASE, RELEASORS and SAN FRANCISCO have considered and sought to protect the interests of the Centers for Medicare and Medicaid Services ("CMS"), the federal agency that runs Medicare. RELEASORS agree that the medical care received for any physical injury claimed by the plaintiffs in this case was provided by the City and County of San Francisco's Jail Medical System at the City's cost and thus is not subject to Medicare reimbursement procedures. RELEASORS and RELEASORS' counsel agree to defend, indemnify and hold harmless SAN FRANCISCO against any and all claims arising out of or related to the terms of this paragraph, including without limitation, any claims by CMS. RELEASORS and COUNSEL FOR RELEASORS further agree to indemnify and forever hold harmless SAN FRANCISCO and its attorneys from any loss, liability, or claim of any kind, past or present, or claims for future care, arising out of the ACTION and occasioned by any lien, rights or obligations of any character whatsoever, including but not limited to those created by Federal or State statutes, for liens arising under Medicare. RELEASORS certify that they have read Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The parties agree that upon final approval of the Settlement Agreement by the Court, RELEASORS hereby waive application of Section 1542 of the Civil Code. RELEASORS understand and acknowledge that, as a consequence of this waiver of Section 1542, even if Class Members should eventually suffer additional or further loss, damages or injury arising out of or in any way related to any of the events which gave rise to the claims at issue in this litigation, or any of them, Class Members will not be permitted to make any further claims against Defendants to recover for such loss, damages or injury. RELEASORS acknowledge that they intend these consequences even as to

claims for personal injury or property damage that may exist as of the date of the Settlement Agreement but which Class Representatives do not know exist, and which, if known, would materially affect Class Representatives' decision to execute the Settlement Agreement, regardless of whether Class Representatives' lack of knowledge is the result of ignorance, oversight, error, negligence, or any other cause. RELEASORS acknowledge that, in executing the Settlement Agreement, they are acting on their own, independent judgment informed by their legal counsel. RELEASORS acknowledge having read the Settlement Agreement and have had the opportunity to be advised by Class Counsel as to its meaning and effect. RELEASORS acknowledge and warrant that their execution of the Settlement Agreement is free and voluntary. RELEASORS further represent and warrant that, at the time they executed the Settlement Agreement, they were not in the period of first physical confinement, whether as an inpatient or outpatient, in a clinic or health facility (as defined in Sections 1203 and 1250 of the Health and Safety Code) as a result of the injury alleged to have given rise to any of the claims at issue in this litigation, and that as a result Business and Professions Code section 6152(b) cannot be used to invalidate the Settlement Agreement.

## 4.2   How do I get out of the Settlement?

To exclude yourself from the settlement, you send the "OPT OUT(EXCLUSION) REQUEST FORM" which is part of this notice. Be sure to include your name and address and to sign the letter (electronic signatures and Docusign are invalid).

The Opt-Out Form can be found on page 12 of this booklet and is also available at:

**Sanfranciscosewagelawsuit@ gmail.com**

You must mail your Exclusion Request postmarked by **August 9, 2021**, to:

**Greenfire Law, PC**
**2001 Addison St., Suite 300**
**Berkeley, CA 94704**

## 4.3   Do I have a Lawyer in the case?

Yes. The Court has appointed attorneys Yolanda Huang, Stanley Goff, and Fulvio Cajina to represent all Class Members as "Class Counsel." Yolanda Huang has been appointed lead Class Counsel. You will not be charged for contacting her. You may contact attorney Yolanda Huang with questions at:

**Sanfranciscosewagelawsuit@ gmail.com or**

**1-855-279-9150.**

## 4.4   What must I do to obtain the benefits from the Settlement?

If you are determined to be a Class Member, you will receive a check to the same address where you received this notice and you do not need to do anything.

If you would like to direct payment be mailed to somewhere other than to where this notice was mailed, you must fill out and return the form titled "SPECIAL HANDLING INSTRUCTIONS FOR YOUR CHECK" which is part of this notice. The deadline to return this form is **August 9, 2021.**

## 4.5   How do I tell the Court if I do not like the Class Action Settlement?

If you do not opt-out from the Class Action Settlement, you may still object. The Court will consider your views when it decides whether or not to approve the settlement. Understand that the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue. You cannot ask the Court to order a different settlement.

• Any objection to the proposed settlement must be in writing. If you file a

timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number: *Zayas, et al. v. San Francisco Sheriff's Department, et al.*, Case Number 3:18 CV-06155 JCS), (b) be submitted to the Court either by mailing them to:

**The Class Action Clerk,
United States District Court for the
Northern District of California,
450 Golden Gate Avenue, 16th floor
San Francisco, CA 94102.**

- You must file or mail your objection by **August 9, 2021** (if mailed, your objection must be postmarked by this date):

In addition, if you wish, you may also choose to speak at the final approval hearing (the "Fairness Hearing").

### 4.6   Do I have to come to court?

No. The Court will hold a Fairness Hearing on **September 3, 2021**, to decide whether to approve the settlement. You may attend, and you may ask to speak, but you do not have to.

If you mail or file an objection, you do not have to come to the Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay for your own lawyer to attend.

## 5   GETTING MORE INFORMATION

You have multiple options to get more information.

Visit the website: www.sanfranciscosewagelawsuit.com,where you will find the Proposed Settlement and other relevant documents about the case.

You may also contact the Lead Counsel, Yolanda Huang by phone (1-855-279-9150) or email (sanfranciscosewagelawsuit@gmail.com). All documents filed in this case are also available for a fee on the court website, www.pacer.gov.

### FINAL HEARING DATE SUBJECT TO CHANGE

**DO NOT CONTACT THE CITY AND COUNTY OF SAN FRANCISCO      or THE SAN FRANCISCO SHERIFF'S DEPARTMENT THOSE AGENCIES HAVE NOTHING TO DO WITH THE SETTLEMENT AND CANNOT ANSWER QUESTIONS ABOUT THE LAWSUIT OR SETTLEMENT.**

The final hearing may be changed without notice. Check PACER or check with the class attorney if you intend to appear at the Final Hearing.

**If you know anyone who was in 850 Bryant from January 3, 2017 through September 30, 2019, tell them about this settlement and ask them to contact us.**

11

# OPT OUT(EXCLUSION) REQUEST FORM

*Zayas, et al v. San Francisco Sheriff's Department, et al.*
U.S. District Court for Northern District of California, Case No. 18-cv-06155 JCS

Only fill and return this form if you want to exclude yourself from this case (opt out). If you want to opt-out of the class, you must fill in this Exclusion Request form and return it by mail, with an original signature, postmarked no later than **August 9, 2021** to:

**Greenfire Law, PC**
**2001 Addison St., Suite 300**
**Berkeley, CA 94704**

Please print legibly:

Name _____Date_____, 2021

Street Address_____

City _____ State _____ Zip Code_____

Phone_____ Email_____

I hereby certify that I believe myself to be a member of the class.

Further, I want to exclude myself from this lawsuit. I understand that I will not receive a check as part of this settlement as a result of my decision to exclude myself.


Signature of Class Member _____


Sign this form with a pen and send the original. Electronic signatures and Docusign are invalid.

## POSTMARK DEADLINE:

## [August 9, 2021]

# SPECIAL HANDLING INSTRUCTIONS FOR YOUR CHECK

*Zayas, et al v. San Francisco Sheriff's Department, et al.*

U.S. District Court for Northern District of California, Case No. 18-cv-06155 JCS

If you want your check delivered to another person, or to a different address than where you received this notice, please fill out this form and return it by any of the following methods:

- Mail: Greenfire Law, PC, 2001 Addison Street, Suite 300, Berkeley, CA 94704
- Fax: (510) 900-9502 or
- Email: sanfranciscosewagelawsuit@gmail.com

## COMPLETED SPECIAL HANDLING INSTRUCTIONS, EXECUTED UNDER PENALTY OF PERJURY, MUST BE SUBMITTED BY THE DEADLINE: August 9, 2021

FIRST Name_____ LAST Name_____

Date of birth _____

Address: _____

City_____ State_____ Zip Code _____

Email: _____

Telephone: Daytime_____ Evening_____

Special Instructions: _____

I declare under penalty of perjury under the laws of the State of California and the United States that I was incarcerated at 850 Bryant Street, in Housing Blocks A, B or C, in the period January 2017 through September 30, 2018, and suffered the effects of the sewage floods. The statements above are true and correct.

Signed in City_____, State_____

on (date)_____, 2021

Signature: _____

Sign this form with a **pen** and send the original.
Electronic signatures and Docusign are invalid.

13

## Proof of Service

*Re:* 3:18-cv-06155-JCS *Zayas et al v. San Francisco Sheriff's Department*

I am at least 18 years of age, not a party to this action, and I am a resident of or employed in the county where the mailing took place.

My residence or business address is: 15 Boardman Place San Francisco, Ca 94103

I served a copy of the following documents: *Letter to Robert Vella with Notice of Class Settlement in English and Spanish and Award Breakdown.*

by personally placing these documents in a United States Postal Mail Box addressed to:

ROBERT VICENTE VELLA, 25138-111
USP MCCREARY

U.S. PENITENTIARY

P.O. BOX 3000

PINE KNOT, KY 42635

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: _____8/12/2022_____

Stanley Goff